**J. L. NUTT and Crown Credit Corporation, Appellants,**

v.

**Jerry CURLES et ux., Appellees.**

**No. 11526.**

Court of Civil Appeals of Texas.

Austin.

June 28, 1967.

Rehearing Denied Sept. 13, 1967.

Geary, Brice & Lewis, Robert A. Baker, Dallas, for appellants.

T. O. Dillard, Austin, for appellees.

PHILLIPS, Chief Justice.

This is a suit to enjoin the sale, under judicial decree, of a tract of land situated in Bastrop County, Texas.

Appellants initially filed suit in August, 1965, in the 68th District Court of Dallas County, Cause No. 65–7383–C, seeking judgment on a note secured by a Mechanic's and Materialman's lien on the real property in question. Appellees filed an answer, cross action, a plea of privilege and appeared in person and by their attorney at the plea of privilege hearing. Appellees' plea of privilege was overruled, after which, appellees non-suited their cross action. Appellants moved for summary judgment and this was granted ordering the sheriff to foreclose appellants' Mechanic's and Materialman's lien.

The sheriff of Bastrop County posted notices of the proposed sale, whereupon appellees filed suit in Bastrop County in Cause No. 12,667 seeking, among other things, a temporary restraining order and a temporary injunction to prevent appellants from proceeding with the sale of the property. After a hearing thereon, the court granted appellees the injunctive relief prayed for. It is from this order that appellants have perfected their appeal to this Court.

Appellees sought their injunctive relief from the district court in Bastrop on the theory that the property in question was their homestead, that this question had not been raised or litigated in the suit in Dallas; that the lien was defective in that the signature of the wife had not been taken as required by law.

■ We grant appellants' point that Vernon's Ann.Tex.Rev.Civ.Stat. art. 4656 requires that writs of injunction granted to stay proceedings in a suit, or execution of a judgment shall be returnable to and tried in the court where such suit is pending or such judgment was rendered. See University of Texas: Hodges, Collateral Attacks on Judgments, 41 Texas L.Rev. 173, Sec. B, (1962) and the cases cited therein. This requirement has been held to be jurisdictional.

■ Therefore, we must reverse and remand this case with instructions to the trial court to make the injunction returnable to the 68th District Court of Dallas County and to transfer these proceedings to said court, the court that rendered the judgment the enforcement of which has been enjoined.

Appellees have a cross assignment of error to the effect that this Court lacks jurisdiction to hear this appeal inasmuch as the appeal was filed later than twenty days after the first order of the court entering a temporary injunction.

We overrule this point.

■ The trial court entered a temporary injunction on August 9, 1966. On October

19, 1966, appellants and appellees joined in a motion to set aside this order. On October 20, 1966, the court entered an order setting aside the temporary injunction bearing the date of August 9, 1966 and substituting therefor a new order of identical language in lieu thereof. The ruling of the court on an interlocutory matter may be set aside or altered provided the case has not previously been disposed of on its merits with certain exceptions not applicable here. Wichita Falls & S. R. Co. v. McDonald, Chief Justice et al., 141 Tex. 555, 174 S.W.2d 951 (1943); Looney v. Traders & General Ins. Co., 231 S.W.2d 735 (Tex.Civ.App. Fort Worth 1950, writ ref'd n. r. e.). The twenty day period for appeal began at the time the court entered the new order of October 20, 1966.

The judgment of the trial court is reversed and remanded as per instructions.

Reversed and remanded with instructions.