**Luther L. ROSS et ux., Appellants,**

v.

**Edwin BROWN, Appellee.**

**No. 674.**

Court of Civil Appeals of Texas,
Tyler.

Feb. 8, 1973.

Rehearing Denied March 15, 1973.

Paul S. Colley, Colley & Lloyd, Henderson, for appellants.

John S. Ament, Law Office of Hulon B. Brown, Jacksonville, for appellee.

McKAY, Justice.

This is an appeal from a judgment denying appellants' attempt to set aside a sale of land under execution, and to set aside a United States Marshal's deed of the land to appellee, the purchaser at the execution sale. Appellants sought, in the alternative, reimbursement and an equitable lien over against appellee for payment made by appellants of a first and prior lien against the land in question. A jury was empaneled to try the case but the Court withdrew the case from the jury, granted appellee's motion for instructed verdict, and rendered judgment for appellee that appellants take nothing, except that the trial court awarded recovery to appellants in the amount of $4,596.00 against appellee as payment for the first and prior lien against the land with interest from the date of payment thereof by appellants and a second lien deed of trust executed for their benefit.

In 1962 Watson M. Ross and his wife, executed a deed of trust covering the lands in controversy in favor of the First National Bank of Troup, Texas, to secure the payment of a promissory note in the original sum of $3,000.00. In September, 1965, in civil action No. 4843 in the United States District Court for the Eastern District of Texas, Beaumont Division, the United States obtained a judgment for $10,129.17 against Watson M. Ross. The judgment was subsequently and properly abstracted in Cherokee County, Texas, on April 25, 1966. On December 31, 1966, by deed of that date filed for record on January 4, 1967, said Watson M. Ross and wife conveyed the lands in question in this suit to appellant, Luther Ross, the father of Watson M. Ross. On January 4, 1967, appellants paid the balance due the First National Bank of Troup on the note and received a release dated January 4, 1967, filed for record on the same date in the appropriate records of Cherokee County.

On August 1, 1967, pursuant to a writ of execution issued by virtue of the judgment in the United States District Court against Watson M. Ross, a United States Deputy Marshal conducted an execution sale of the lands in controversy pursuant to a levy made against the same on June 1, 1967. The lands were struck off at the sale to appellee for the sum of $100.00. Testimony at the trial revealed that appellee and the deputy marshal both believed there was an outstanding lien against the property at the time of the sale and appellee believed it might be as much as $3,000.00. It appears that no one at the sale was aware that the lien in favor of the First National Bank of Troup had been discharged. At the trial appellants' appraiser valued the land at $7,500.00 at the time of the execution sale. Appellant and wife testified that they had no knowledge of the judgment against their son in favor of the United States, nor any notice of the scheduled execution sale until January 8, 1968. This suit was brought for equitable relief based on the allegedly grossly inadequate price paid for the land at the execution sale.

The United States of America was also a party defendant, but was dismissed on its motion.

Prior to reaching the merits of this appeal we must examine appellee's challenge to the jurisdiction of the trial court to hear this suit seeking to set aside a sale under execution and a deed from the United States Marshal pursuant to the sale.

Rule 69, Federal Rules of Civil Procedure, provides in part:

"The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable."

There being no suggestion or contention that there is any Federal statute or rule that otherwise governs sales under execution, we conclude that the law of Texas applies in procedure on execution sales and deeds given as a result. Therefore, we must examine the rule in Texas in determining whether the trial court had jurisdiction to hear this suit. 7 Moore's Federal Practice, 2d Ed. Sec. 69.04.

■ The rule seems to be one of long standing in Texas that an action in equity to set aside an execution sale must be brought in the court out of which the writ was issued. This is the rule even though the validity of the judgment is not questioned. Bender v. Damon, 72 Tex. 92, 9 S.W. 747; Wilson v. Aultman & Taylor Co., 39 S.W. 1103 (Tex.Civ.App., 1897, n. w. h.); State National Bank of Dallas v. Hathaway, 61 S.W. 525 (Tex.Civ.App.1901, n. w. h.); Houghton v. Rice, 15 Tex.Civ. App. 561, 40 S.W. 1057 (1897, n. w. h.); Sharp v. Yniguez, 324 S.W.2d 291 (Tex. Civ.App. Amarillo, 1959, n. w. h.); 24 Tex.Jur.2d Sec. 147, p. 618.

■ A suit for an injunction to stay execution of a judgment must be tried in the court where the judgment was rendered. Nutt v. Curles, 418 S.W.2d 327 (Tex.Civ. App. Austin, 1967, writ ref'd. n. r. e.).

■ The trial court was without jurisdiction to try the question of setting aside an execution sale resulting from a judgment in the Federal Court and a U. S. Marshal's deed. Even though lack of jurisdiction is fundamental error, appellants called the trial court's attention to it in their pleading by special exception.

The judgment of the trial court is reversed and the cause is hereby dismissed for want of jurisdiction without prejudice to appellants to seek relief in the proper forum.

Reversed and dismissed.