**Israel R. GARCIA, Appellant,**

v.

**LAREDO COLLECTIONS, INC., d/b/a Account Services, Appellee.**

**No. 16358.**

Court of Civil Appeals of Texas, San Antonio.

May 14, 1980.

Julio A. Garcia, Garcia & Gonzalez, Laredo, for appellant.

H. C. Hall, III, Laredo, for appellee.

## OPINION

MURRAY, Justice.

In March of 1972, Israel R. Garcia, appellant, became the general manager of the appellee's collection agency in Laredo, Texas. On July 5, 1977, the appellant executed an agreement not to compete with the appellee for a period of two years after leaving the employ of Account Services. Shortly after terminating his employment with the appellee, Garcia opened a collection agency in Laredo, Texas. Appellee brought this suit alleging that Garcia had breached the agreement by engaging in the business of collecting accounts in Laredo, Texas, within two years of the termination of his employment with Account Services.

After a hearing, the trial court granted a temporary injunction restraining the appellants from competing with the appellee in Webb County until a final hearing on the merits, but not to exceed two years. From this order an appeal has been perfected.

The appellant initially contends that the trial court erred in granting a temporary injunction because the covenants not to compete were not supported by consideration. We overrule this contention.

Generally, a covenant not to compete, like any other contract, is unenforceable unless supported by consideration. *See Chenault v. Otis Engineering Corp.*, 423 S.W.2d 377, 382 (Tex.Civ.App.—Corpus Christi 1967, writ ref'd n. r. e.). When the

execution of a covenant not to compete is contemporaneous with the acceptance of employment, the latter becomes the consideration for the covenant. A question has arisen, however, whether an agreement not to compete executed after employment has commenced, is supported by consideration. Although there is a divergence of view among the courts in other jurisdictions,[1] Texas courts have held that continued employment is sufficient consideration for a covenant not to compete. *McAnally v. Person*, 57 S.W.2d 945, 948–49 (Tex.Civ.App.—Galveston 1933, writ ref'd); *Bettinger v. North Fort Worth Ice Co.*, 278 S.W. 466, 469 (Tex.Civ.App.—Fort Worth 1925, no writ). In *Bettinger* the court pointed out that while the employer did not actually tell the employee that he would be discharged if he did not sign the covenant not to compete, he was told that all of the employees had signed or would have to sign the covenant. The court also relied on the employer's testimony to the effect that had the employee refused to sign the agreement, he would have been discharged. *See Bettinger v. North Fort Worth Ice Co.*, 278 S.W. 466, 469 (Tex.Civ.App.—Fort Worth 1925, no writ). Although in the instant case the appellee's chairman of the board testified that execution of a covenant not to compete was not a condition to appellant's continued employment, he also stated that all employees in a management position were expected to sign one. He further testified that the raises that appellant received after executing the agreement not to compete were attributable, in part, to the fact that he signed the covenant. We hold that there was sufficient evidence to support the implied finding of the trial court that the covenant not to compete was supported by consideration.

Appellant also contends that the trial court erred in granting a temporary injunction because the terms of the covenant were unreasonable and not necessary to protect the appellee's business. The agreement not to compete provides in pertinent part: "I, Israel R. Garcia, the undersigned, during the term of my employment with Account Services, . . . at any time within two (2) years after termination thereof, shall not compete, within the counties in the State of Texas where Account Services offices are located . . . ."

Since the temporary injunction appealed from applies only in Webb County, Texas, it is not necessary to consider whether the covenant itself is reasonably limited in area. We hold that the order restraining appellant from competing with his former employer for two years in Webb County is reasonable. *See Spinks v. Riebold*, 310 S.W.2d 668, 669 (Tex.Civ.App.—El Paso 1958, writ ref'd); *Martin v. Hawley*, 50 S.W.2d 1105, 1108 (Tex.Civ.App.—Dallas 1932, no writ).

When reviewing a trial court's order granting or denying a temporary injunction, the question before the appellate court is whether the action of the trial judge in granting or denying the temporary injunction constitutes a clear abuse of discretion. *See Redding Foods, Inc. v. Berry*, 361 S.W.2d 467, 468 (Tex.Civ.App.—Dallas 1962, no writ). For the above-stated reasons, we hold that the trial court did not abuse its discretion in granting the appellee's application for temporary injunction.

The judgment of the trial court is affirmed.

---

**1.** *Compare Farm Bureau Service Co. v. Kohls*, 203 N.W.2d 209, 212 (Iowa 1972) (continued employment sufficient consideration to support covenant not to compete) *and Credit Rating Service, Inc. v. Charlesworth*, 126 N.J.Eq. 360, 8 A.2d 847, 849 (1939) (continued employment sufficient consideration to support covenant not to compete) *with Kadis v. Britt*, 224 N.C. 154, 29 S.E.2d 543, 548–49 (1944) (continued employment not sufficient consideration to support covenant not to compete) *and George W. Kistler, Inc. v. O'Brien*, 464 Pa. 475, 347 A.2d 311, 316 (1975) (continuation of employment not sufficient consideration for covenant executed after employment has commenced).