Mitch CURRIE, Appellant,

v.

INTERNATIONAL TELECHARGE, INC. f/k/a United Payphone, Inc., Appellee.

No. 05–86–00845–CV.

Court of Appeals of Texas, Dallas.

Dec. 2, 1986.

Peter R. Thompson, Dallas, for appellant.

Bruce A. Budner, Dallas, for appellee.

Before STEPHENS, STEWART and HOLLINGSWORTH, JJ.

STEPHENS, Justice.

Mitch Currie appeals the overruling of his motion to dissolve a temporary injunction that was granted in favor of International Telecharge, Inc. (ITI). In two points of error Currie contends that the district court abused its discretion in denying Currie's motion to dissolve the temporary injunction. We disagree with each point; accordingly, we affirm.

The record reflects that on June 27, 1986, and June 30, 1986, the district court conducted a hearing on ITI's application for a temporary injunction. The dispute between the parties centered on restrictive covenant agreements signed by Currie while he was an employee of ITI. After listening to the evidence adduced at the hearing, the district court, on July 3, 1986,

granted the temporary injunction and recited its findings of fact and conclusions of law. Currie did not appeal from the granting of the temporary injunction. Instead, on July 22, 1986, Currie filed a motion to dissolve the temporary injunction.

On August 1, 1986, a hearing was held on Currie's motion to dissolve. The parties both agree that as a result of the August 1 hearing, the district court struck the metropolitan areas of Chicago and Miami from the scope of one of the restrictive sections in the injunction. The district court marked through the words Chicago and Miami on the July 3, 1986 temporary injunction and initialed the margin of the injunction beside the change. This action by the district court constitutes the only ruling on Currie's motion to dissolve the temporary injunction. No formal order overruling Currie's motion to dissolve was made.

The parties agree that at the conclusion of the August 1 hearing on Currie's motion to dissolve, the July 3 temporary injunction was modified by drawing a line through the words Chicago and Miami. ITI argues that Currie is appealing a *modification* of the original July 3 temporary injunction and that section 51.014 of the Texas Civil Practice & Remedies Code does not authorize an appeal from the modification of a temporary injunction. Section 51.014 provides in pertinent part:

A person may appeal from an interlocutory order of a district court, county court at law, or county court that:

. . . .

(4) grants or refuses or grants or overrules a motion to dissolve a temporary injunction as provided by Chapter 65.

TEX.CIV.PRAC. & REM.CODE. § 51.014 (Vernon 1986).

■ We hold that the August 8, 1986 modification of the July 3, 1986 temporary injunction is appealable under section 51.014(4). In the case of *Toby Martin Oilfield Trucking, Inc. v. Martin*, 640 S.W.2d 352 (Tex.App.—Houston [1st Dist.] 1982, no writ), the trial court, on motion of appel-

lee, entered an order modifying an earlier temporary injunction order by increasing the bond from $2,000 to $100,000. Appeal was taken from the order modifying the original temporary injunction. The appellees asserted that the appellate court lacked jurisdiction over the appeal since Texas Revised Civil Statute article 4662, now recodified as Texas Civil Practice and Remedies Codes section 51.014, did not expressly provide for an appeal from a modification of a temporary injunction. The Houston court of appeals stated:

> While the statute does not expressly provide for an appeal from an order modifying a temporary injunction, neither does it expressly exclude such an appeal. Therein lies the crux of the problem. Scant authority guides us ...

*Toby Martin Oilfield Trucking v. Martin,* 640 S.W.2d 352, 353–54 (Tex.App.—Houston [1st Dist.] 1982, no writ). The court then went on to hold that it had jurisdiction over the appeal. Likewise, we hold that we have jurisdiction over Currie's appeal from the modified temporary injunction.

■ ITI also argues that we lack jurisdiction over this appeal since Currie's motion to dissolve the July 3 temporary injunction was never ruled on by the district court. According to ITI, the district court took under advisement the remainder of the motion to dissolve, other than the portion dealing with the striking of Chicago and Miami, and had not ruled on the motion to dissolve by the date of the perfection of this appeal. The record before us does not support ITI's contention that the trial court took the remainder of the motion to dissolve under advisement. There is no formal notation or order indicating the court took the motion to dissolve under advisement. No transcription of the hearing on Currie's motion to dissolve the temporary injunction is included in the record before us. There is simply no evidence in the record to support ITI's contention that the trial court took Currie's motion to dissolve under advisement.

Furthermore, Currie's motion to dissolve the temporary injunction states, in relevant portion,

> WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court set this Motion for hearing; that an order be entered dissolving the Temporary Injunction; *and if the Temporary Injunction is not dissolved, an order be entered modifying it to limit its scope to protection of legitimate ITI proprietary information;*

(emphasis added.) In light of Currie's above quoted prayer for relief and in the absence of an express order denying Currie's motion to dissolve, we hold that the district court's modification of the July 3 temporary injunction constitutes an implied denial of the motion to dissolve. The overruling of a motion to dissolve a temporary injunction is appealable under section 51.014(4). Therefore, we have jurisdiction over this appeal.

Having disposed of the jurisdictional issues, we will now address the merits of Currie's appeal. In his first point of error Currie contends that:

> The District Court's denial of Appellant's motion to dissolve the Temporary Injunction was an abuse of discretion, because there was no showing of any right and injury necessary for the issuance of an injunction; and the court incorrectly applied the law to the facts of this case when it left New York and Dallas within the territorial restrictions of the Injunction.

Currie's first point of error is multifarious in that Currie raises four subpoints under his point of error number one. In subpoints A through D, under point of error number one, Currie contends that there was no showing of any right to restrain Currie from earning a livelihood in New York City and Dallas; that there was no showing of any consideration to support the enforcement of a non-competition covenant; that ITI is not entitled to equitable relief because of "unclean hands"; and that there was no showing of any injury to ITI. We will address each subpoint.

Because the trial judge is endowed with broad discretion to grant or deny a temporary injunction, appellate review is limited to the narrow question of whether the action of the trial judge in granting or denying the temporary injunction constitutes a clear abuse of discretion. *Keystone Life Insurance Co. v. Marketing Management, Inc.*, 687 S.W.2d 89, 90 (Tex.App.—Dallas 1985, no writ); *Janus Films, Inc. v. City of Fort Worth*, 163 Tex. 616, 358 S.W.2d 589 (1962). Accordingly, we review the facts only as necessary to make this determination.

ITI is in the business of offering operator assisted telephone services through coin phones and credit card billing. This is a relatively new area of competition in the telecommunications industry. ITI, previously known as United Payphones, Inc. (UPI), hired Currie in March of 1985. As a result of his employment with ITI, and after the issuance of three percent of the corporation's stock to him, Currie signed a Consulting Services Agreement and a Shareholders and Management Agreement. These agreements contain restrictive covenants that prohibit the employee from disclosing confidential information or trade secrets of the corporation during his employment with the corporation and for five years thereafter, and prohibit the employee from competing with the corporation while he owns or has a beneficial interest in the shares of the corporation and for one year thereafter.

After Currie's resignation from ITI on February 4 or 5, 1986, he became affiliated with Ny-Tel. Ny-Tel is a company located in New York, engaged in the preliminary stages of developing operator assisted telephone services through coin-operated phones, credit card phones, and telecharge services.

There is testimony in the record that ITI had marketed its services in the New York area and was very close to being operational in New York at the time of the original temporary injunction hearing; that Currie entered into a contract on behalf of Ny-Tel with an individual he had previously negotiated with on behalf of ITI; and that Currie possessed knowledge of confidential information and trade secrets belonging to ITI.

■ In subpoints A and D, Currie contends that the trial court erred in granting the temporary injunction because there was no showing of any right to restrain Currie from earning a livelihood in New York City and Dallas and there was no showing of any injury to ITI. To warrant a preliminary injunction the applicant need only show "a probable right and a probable injury; he is not required to establish that he will finally prevail in the litigation." *Keystone Life Insurance*, 687 S.W.2d at 92. In deciding whether ITI has made the requisite showing of "a probable right and a probable injury," we must draw all legitimate inferences from the evidence in the light most favorable to the trial court's judgment. *See David v. Bache Halsey Stuart Shields, Inc.*, 630 S.W.2d 754, 757 (Tex.App.—Houston [1st Dist.] 1982, no writ). We have reviewed the record applying the above standard and we hold that the evidence supports a probable right of recovery and a probable injury. The findings of the trial court recited within the temporary injunction are all supported by the record. These findings indicate a probable right of recovery and a probable injury. The granting of the temporary injunction was not an abuse of discretion.

■ In subpoint B Currie contends that the trial court erred in granting the temporary injunction because there was no showing of any consideration to support the enforcement of a noncompetition covenant. This issue was decided in *Garcia v. Laredo Collections, Inc.*, 601 S.W.2d 97, 99 (Tex. Civ.App.—San Antonio 1980, no writ). In *Garcia*, appellants asserted that the trial court erred in granting a temporary injunction restraining the appellants from competing with the appellees because the covenants not to compete were not supported by consideration. The *Garcia* court stated:

When the execution of a covenant not to compete is contemporaneous with the acceptance of employment, the latter becomes the consideration for the covenant.

A question has arisen, however, whether an agreement not to compete executed after employment has commenced is supported by consideration.... Texas courts have held that continued employment is sufficient consideration for a covenant not to compete. *McAnally v. Person,* 57 S.W.2d 945, 948–49 (Tex.Civ.App. —Galveston 1933, writ ref'd); *Bettinger v. North Fort Worth Inc. Co.,* 278 S.W.2d 466, 469 (Tex.Civ.App.—Fort Worth 1925, no writ).

*Garcia v. Laredo Collections, Inc.,* 601 S.W.2d 97, 98–99 (Tex.Civ.App.—San Antonio 1980, no writ). In the case at bar, the record reflects that after signing the covenants not to compete, Currie continued to be employed by ITI. There is also testimony in the record that Currie's continued employment with ITI hinged on his execution of the Consulting Services Agreement and the Shareholders and Management Agreement. We hold that the trial court did not abuse its discretion in finding that the agreements were supported by consideration.

■ In subpoint C Currie contends that the trial court erred because it granted equitable relief to one with "unclean hands," alleging that ITI, not Currie, initially breached the employment agreements signed by Currie. The alleged breach by Currie of the employment agreements forms the basis of ITI's suit against Currie and the function of the temporary injunction is not to resolve the merits of a claim but to prevent threatened or continuous irremediable injury before a claim can be adjudicated fully. *See Southwest Weather Research, Inc. v. Jones,* 160 Tex. 104, 109–11, 327 S.W.2d 417, 421–22 (1959). The doctrine of unclean hands goes to the merits of ITI's suit. Currie is urging the doctrine of unclean hands defensively. It is within the trial court's discretion to reserve matters of a purely defensive nature to the plenary hearing. *See Keystone Life Insurance,* 687 S.W.2d at 93.

Currie's first point of error and all the subpoints presented therein are overruled.

■ In his second point of error Currie contends that:

The District Court's denial of Appellant's motion to dissolve the Temporary Injunction was an abuse of discretion, because Appellant showed that the Temporary Injunction was not supported by an adequate bond.

Surprisingly, there is little authority to guide us in deciding the above point of error. Rule 684 of the Texas Rules of Civil Procedure provides that the trial court shall, in the order granting a temporary injunction, set the amount of the bond the applicant must post. *See* TEX.R.CIV.P. ANN. 684 (Vernon Supp.1986). The appellate courts determine the adequacy of the bond set by the trial court on a case by case basis after reviewing the record before them. *See Johnston v. American Speedreading Academy, Inc.,* 526 S.W.2d 163, 167 (Tex.Civ.App.—Dallas 1975, no writ) ("We think that the record demonstrates that the bond set by the trial court is completely adequate to protect appellants."); *Speedman Oil Co. v. Duval County Ranch Co., Inc.,* 504 S.W.2d 923, 931 (Tex.Civ.App.—San Antonio 1973, writ ref'd n.r.e.) ("Defendants' argument that the amount of the bond is insufficient is not unpersuasive. However, the record furnishes no reliable information which would guide us in setting the proper amount.") As a general rule, the amount of the bond required on the issuance of a temporary injunction rests within the sound discretion of the trial court and will not be disturbed on appeal in the absence of an abuse of discretion. *Stockslager v. Carroll Electric Cooperative Corp.,* 528 F.2d 949, 951 (8th Cir.1976) (construing FED.R.CIV.P. 65(c), which is the federal parallel to TEX.R.CIV.P. 684). We have reviewed the record and hold that the trial court did not abuse its discretion by refusing to increase the amount of the temporary injunction bond from $40,000 to $500,000. Currie's second point of error is overruled.

The judgment of the trial court is affirmed.