**PIERCE MORTUARY COLLEGES, INC., et al., Appellants,**

v.

**Frederick BJERKE, et al., Appellees.**

No. 05–92–01327–CV.

Court of Appeals of Texas, Dallas.

Oct. 8, 1992.

Rehearing Denied Oct. 26, 1992.

---

Scott W. MacLaren, Kenneth G. Stone, Brian J. Brandstetter, Dallas, for appellants.

Dale B. Tillery, Dallas, for appellees.

Before LAGARDE, BURNETT and ROSENBERG, JJ.

## OPINION

BURNETT, Justice.

Pierce Mortuary Colleges, Inc., Pierce Mortuary Colleges Inc., d/b/a Dallas Institute of Funeral Service, Professional Training Schools, Inc., and Thomas Shaw (collectively Dallas Institute) appeal the amended order certifying class action granted in favor of Frederick Bjerke, Nanette Rives, Ila Greene, David Young, Maria Evans, Richard Gambrell, Jessie Nickerson, Phillys Groves, and Virginia Shaw (collectively Bjerke). In three points of error, Dallas Institute contends that the trial court abused its discretion in granting the amended class certification because the class certification fails to meet the requirements of rule 42 of the Texas Rules of Civil Procedure. For the reasons given below, we conclude that this appeal has not been properly perfected. Accordingly, we do not reach the merits of Dallas Institute's points of error and dismiss the appeal for want of jurisdiction.

## FACTUAL AND PROCEDURAL HISTORY

Bjerke brought a class action suit contending that students of the Dallas Institute observed or participated in the embalming procedures performed on several decedents without the permission of the decedents' relatives or other representatives. On April 10, 1992, the trial court signed a class certification order in favor of Bjerke. This order defined the class as the surviving spouses, children, next of kin, or other representatives of the decedents for those bodies embalmed on the campus of Dallas Institute of Funeral Service and at Dudley M. Hughes Funeral Company from 1985 through 1989.

Dallas Institute did not timely appeal this class certification order. On April 15, 1992, Dallas Institute filed a motion to reconsider. Anticipating the ruling of the trial court on its motion, Dallas Institute filed an appeal to the anticipated ruling on May 8, 1992. After a hearing on the motion, the trial court signed an amended certification order, dated May 14, 1992. This May 14 order expanded the class to include other "heirs-at-law" and changed the relevant dates, from 1985 through 1989, to 1985 through 1991.

On its own motion, this Court questioned whether it had jurisdiction over this appeal because Dallas Institute failed to timely appeal the original order certifying class action. The Court asked the parties to brief the jurisdictional issues. Subsequently, Bjerke filed a motion to dismiss this appeal for want of jurisdiction.

Bjerke asserts that section 51.014(3) of the Texas Civil Practice and Remedies Code does not provide for an appeal from an *amended* order certifying class action. In response, Dallas Institute argues that an

amended interlocutory order supersedes the original order, and thereby becomes an appealable interlocutory order pursuant to section 51.014(3) of the Texas Civil Practice and Remedies Code. Dallas Institute asserts that, since the trial court was within its rights to amend the original order, an appeal could be taken from any such order, as long as it is filed within twenty days of the date the trial court signed the amended order. Dallas Institute relies on rule 42(c)(1) of the Texas Rules of Civil Procedure and *Grant v. Austin Bridge Constr. Co.*, 725 S.W.2d 366, 367–69 (Tex.App.—Houston [14th Dist.] 1987, no writ), to support this proposition.

## JURISDICTION

■ Except as authorized by statute no appeal lies from an interlocutory order. *Cherokee Water Co. v. Ross*, 698 S.W.2d 363, 365 (Tex.1985); *Browne v. Bear, Stearns & Co.*, 766 S.W.2d 823, 824 (Tex.App.—Dallas 1989, writ denied). An interlocutory appeal of a class action certification is authorized by the Texas Civil Practices and Remedies Code. Section 51.014 provides:

A person may appeal from an interlocutory order of a district court, county court at law, or county court that:

. . . .

(3) certifies or refuses to certify a class in a suit brought under Rule 42 of the Texas Rules of Civil Procedure.

Tex.Civ.Prac. & Rem.Code Ann. § 51.014(3) (Vernon Supp.1992).

■ In this case Dallas Institute moved for reconsideration of a court order certifying the size of a class. The trial court amended its order to increase the size of the class, and then Dallas Institute appealed the amended order because the order did not sufficiently expand the class. Similarly in *Grant v. Austin Bridge Constr. Co.*, the trial court entered a second order withdrawing an order certifying a class action and the second order was appealed. 725 S.W.2d 366 (Tex.App.—Houston [14th Dist.] 1987, no writ). The appellate court reasoned that "[w]ithdrawal of certification is a form of refusal to certify and is an appealable interlocutory order within the meaning of § 51.014."

725 S.W.2d at 368. As a refusal to certify, the vacating order met the requirements of section 51.014(3). However, an amended order increasing the size of an existing certified class does not *certify* or *refuse to certify* a class pursuant to section 51.014(3). Throughout the course of the litigation, the trial court maintains the power to change orders concerning the class certification. Rule 42(c)(1) of the Texas Rules of Civil Procedure provides:

[T]he court shall, after a hearing, determine by order whether it is to be so maintained. This determination may be altered, amended, or withdrawn at any time before final judgment.

Tex.R.Civ.P. 42(c)(1).

Even though the trial court has the power to change the class certification, an *amended* order certifying class action must meet the requirements of section 51.014(3) for an interlocutory appeal.

Dallas Institute argues that Texas courts have found appellate jurisdiction in analogous cases involving temporary injunctions. *See Currie v. International Telecharge, Inc.*, 722 S.W.2d 471 (Tex.App.—Dallas 1986, no writ); *Nutt v. Curles*, 418 S.W.2d 327 (Tex.Civ.App.—Austin 1967, writ ref'd n.r.e.). In *Currie*, this Court held that a modification of the temporary injunction was appealable although the original temporary injunction had not been appealed. 722 S.W.2d at 472–73. The analogy to temporary injunctions, however, is misplaced. In *Currie*, this Court found that the underlying reason for allowing an accelerated appeal from a modification of a temporary injunction was the apparent intent expressed by the Legislature given the similarity among the orders named. 722 S.W.2d at 473. Such is not the case with the certification of a class action. The Legislature provided that a person may appeal only from an interlocutory order that certifies or refuses to certify a class action. Tex.Civ.Prac. & Rem.Code Ann. § 51.014(3) (Vernon Supp.1992).

Rules 43(d) and 43(f) of the Texas Civil Practice and Remedies Code explain the proper procedure for an interlocutory appeal. Rule 43(d) provides:

Pending an appeal from an interlocutory order, the trial court retains jurisdiction of the cause and may issue further orders, including dissolution of the order appealed from, but the court shall make *no order granting substantially the same relief as that granted by the order appealed from,* or any order contrary to the temporary orders of the appellate court, or any order that would interfere with or impair the effectiveness of any relief sought or granted on appeal.

TEX.R.APP.P. 43(d) (emphasis added).

The purpose of rule 43(d) is to delineate the trial court's jurisdiction to issue further orders. The trial court may issue orders dissolving or modifying the class certification unless such an order would interfere with or impair the relief sought on appeal. The procedure for appellate review of these subsequent orders is governed by rule 43(f), which states:

When an appeal is pending from an interlocutory order, any further appealable interlocutory order of the trial court concerning the same subject-matter and any interlocutory order that would interfere with or impair the effectiveness of the relief sought or granted on appeal may be brought before the appellate court for review on motion, either on the original record or with a supplement thereto.

TEX.R.APP.P. 43(f).

The purpose of rule 43(f) is to allow any subsequent orders regarding class certification, such as expanding the class, to be brought up for appellate review on the original record or in a supplemental transcript. When Dallas Institute failed to appeal the original class certification, it waived the right to complain that the trial court abused its discretion by failing to further expand the class as requested in a motion for reconsideration.

Dallas Institute suggests that denying jurisdiction over an amended order would grant the trial court complete discretion in certifying a class until final judgment is rendered. Further, Dallas Institute argues that if a trial court signs an amended certification order after the time for perfecting an appeal from the original order, then the amended certification order, by today's

holding, would be beyond appellate review. These arguments ignore rule 43(f) of the Texas Rules of Appellate Procedure. Any complaint raised about the amended certification order that could have been raised regarding the original certification order must be raised in an appeal timely perfected from that original order. *Cf. Anderson v. Casebolt,* 493 S.W.2d 509, 510 (Tex.1973). In this case, Dallas Institute complains that the amended certification order did not expand the class to a sufficiently large size. The trial court did, however, increase the size of the class from the original certification order. Therefore, Dallas Institute could have made its complaint about the restrictive size of the class when the original certification order was signed. Having failed to do so, it cannot do so now.

Dallas Institute failed to timely appeal the original order certifying class action; therefore, this Court lacks jurisdiction over this appeal from the amended order expanding the certified class. Accordingly, we dismiss this appeal.