UNION PACIFIC RESOURCES GROUP, INC., Union Pacific Oil & Gas Co., and Union Pacific Resources Co., and Peach Ridge Pipeline Company, L .P., Duke Energy Fuel, Inc., Rio Bravo Gas Systems, L.L.C., and Duke Energy Southwest Ozona Plant, L.L.C., Appellants,

v.

Lowell F. HANKINS, the Ada L. Pierce Testamentary Trust and the Victor Lenore Pierce Miller Trust, Appellees.

No. 08–99–00494–CV.

Court of Appeals of Texas, El Paso.

March 8, 2001.

Steven C. Kiser, Lynch, Chappell & Alsup, Midland, Mary Ann Joerres, Hughes & Luce, Dallas, Raymond Doak Bishop, King & Spalding, Houston, Neil D. Kelly, Hughes & Luce, L.L.P., Houston, for Appellants.

Robert R. Herring, Houston, Frank Weaver Rose, Smith Carter Rose et al., San Angelo, for Appellees.

Before BARAJAS, C.J., LARSEN, and McCLURE, JJ.

### OPINION ON ORDER ABATING INTERLOCUTORY APPEAL

PER CURIAM.

This is an interlocutory appeal from an order certifying a class action in an oil and gas case under TEX.R.CIV.P. 42. The class of plaintiffs constitutes royalty interest owners in at least 590 oil and gas leases in Crockett County, Texas. We abate and remand this cause to the trial court for proceedings under *Southwestern Refining Co., Inc. v. Bernal.*[1]

### BACKGROUND

Appellees, Lowell F. Hankins and Pierce Miller, as Trustee for The Ada L. Pierce Testamentary Trust and The Victor Lenore Pierce Miller Trust, brought a class action suit against Union Pacific Resources Group, Inc. (UPRG) and its affiliates alleging breach of the implied covenant to manage and administer the leases, and unjust enrichment, and requesting an accounting and injunctive relief. Appellees also alleged that by selling the gas to its affiliates at favorable prices and using the proceeds to pay the royalties, UPRG failed to obtain the best current market prices for the gas and failed to pay royalties based on the true market prices.

The plaintiffs sought class action on behalf of those owning royalty interests under leases owned or operated by UPRG or one of its affiliates in Crockett County. After a hearing on the matter, the trial court certified the class as:

All individuals and entities that:

a. Own or owned royalty under leases from which gas is produced;

b. The leases were owned and/or operated by the Defendant Union Pacific Resources Group and/or an affiliate of Union Pacific Resources Group;

c. The leases are located in Crockett County, Texas; and

d. The gas was purchased by Defendant Union Pacific Fuels and/or another affiliate of Union Pacific Resources Group.

Excluded from the class are: any royalty owners whose leases specifically allow for affiliate transactions or index pricing as used by the defendants; plaintiffs involved in separate litigation with the defendants;[2] and the defendants and all affiliates. The

---

1. 22 S.W.3d 425 (Tex.2000).

2. Excluded are plaintiffs in the case of Chas E. Davidson III and Stirrup Ranch Co. v. Union Pacific Resources Co. and Union Pacific Oil & Gas Co., Cause No. 96–06–05864,

112th Judicial District Court, Crockett County, Texas and the case of Perry v. Amax Oil & Gas, Inc. and Union Pacific Resources Co., Cause No. 95–08–05794, 112th Judicial District Court, Crockett County, Texas.

trial court designated Hankins and Miller, Trustee, as the class representatives.

## DISCUSSION
### Standard of Review

A trial court has broad discretion in determining whether a suit should be maintained as a class action.[3] In reviewing a class certification order, we will reverse on appeal only if the trial court has clearly abused its discretion.[4] A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to any guiding principles.[5] In making its determination, the trial court may consider the pleadings and other material in the record, along with the evidence presented at the certification hearing.[6] The fact that a trial judge decided an issue differently than would the appellate judge does not alone demonstrate an abuse of discretion.[7] We view the evidence in the light most favorable to the trial court's action and indulge every presumption favorable to the trial court's judgment.[8]

### Requirements of Class Certification

In order to maintain a lawsuit as a class action, the plaintiff must satisfy the four requirements of Rule 42(a): (1) the class is so numerous that joinder of all members is impracticable [ numerosity]; (2) there are questions of law or fact common to the class [commonality]; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class [typicality]; and (4) the representative parties will fairly and adequately protect the interests of the class [adequacy of representation].[9] Once these threshold requirements are met, the plaintiffs must also meet at least one of the criteria enumerated under Rule 42(b).[10]

Here, the trial court found that the requirements of Rule 42(a) were met and certified the class under Rule 42(b)(1)(A), 42(b)(2), and 42(b)(4). Under Rule 42(b)(1)(A), a class action may be maintained if the prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for the party opposing the class.[11] Rule 42(b)(2) allows class certification if the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.[12] Rule 42(b)(4) requires a finding both that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available meth-

3. *Glassell v. Ellis,* 956 S.W.2d 676, 681–82 (Tex.App.—Texarkana 1997, pet. dism'd w.o.j.).

4. *Dresser Industries, Inc. v. Snell,* 847 S.W.2d 367, 371 (Tex.App.—El Paso 1993, no writ).

5. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985).

6. *Tana Oil & Gas Corp. v. Bates,* 978 S.W.2d 735, 741 (Tex.App.—Austin 1998, no pet.).

7. *Downer,* 701 S.W.2d at 242; *Dresser,* 847 S.W.2d at 371.

8. *Bates,* 978 S.W.2d at 741.

9. Tex.R.Civ.P. 42(a); *Southwestern Refining Co., Inc. v. Bernal,* 22 S.W.3d 425, 433 (Tex. 2000).

10. *Bernal,* 22 S.W.3d at 433.

11. Tex.R.Civ P. 42(b)(1)(A).

12. Tex.R.Civ.P. 42(b)(2).

ods for the fair and efficient adjudication of the controversy.[13] At any time before final judgment, the trial court may alter, amend or withdraw the certification, or may order the naming of additional parties to insure adequate representation.[14]

In *Bernal,* the Texas Supreme Court stated that it is improper to certify a class without knowing how the claims can and will likely be tried, and that a trial court's order of certification must indicate how the claims will likely be tried so that conformance with Rule 42 may be meaningfully evaluated.[15] Here, the trial court did not indicate in its certification order how the class claims are likely to be tried.[16] Thus, there is no meaningful way for this Court to evaluate how the trial court intends to try the class claims and whether conformance with the requirements of Rule 42 has been met.

The Court in *Bernal* also stated that courts must perform a "rigorous analysis" before ruling on class certification to determine whether all prerequisites to certification have been met.[17] Because the trial court's order does not indicate the substantive issues that will control the outcome of the trial, we are unable to determine whether the trial court understood the claims, defenses, relevant facts and applicable substantive law and sufficiently analyzed the case before making its ruling.

## CONCLUSION

Accordingly, we now abate this appeal and remand the cause to the 112th Judicial District Court of Crockett County (trial court) for further proceedings in accordance with *Bernal.* Upon remand, the trial court shall immediately prepare a certification order in compliance with the requirements of *Bernal* and cause same to be included in a supplemental clerk's record. Finally, the trial court shall file the supplemental record with the Clerk of this Court no later than 60 days from the date of this opinion and order.

---

13. TEX.R.CIV.P. 42(b)(4).

14. TEX.R.CIV.P. 42(c)(1).

15. *Bernal,* 22 S.W.3d at 435.

16. We recognize that the learned trial judge acted prior to the Texas Supreme Court's pronouncement of the rule in *Bernal.*

17. *Bernal,* 22 S.W.3d at 435.