UNION PACIFIC RESOURCES GROUP, INC., Union Pacific Oil & Gas Co., and Union Pacific Resources Co., and Peach Ridge Pipeline Company, L.P., Duke Energy Fuel, Inc., Rio Bravo Gas Systems, L.L.C., and Duke Energy Southwest Ozona Plant, L.L.C., Appellants,

v.

Lowell F. HANKINS, the Ada L. Pierce Testamentary Trust and the Victor Lenore Pierce Miller Trust, Appellees.

No. 08–99–00494–CV.

Court of Appeals of Texas, El Paso.

June 14, 2001.

Steven C. Kiser, Lynch, Chappel & Alsup, Midland, Mary Ann Joerres, Dallas, Neil D. Kelly, Hughes & Luce, L.L.P., Raymond Doak Bishop, King & Spalding, Houston, Attorneys for Appellants.

Robert R. Herring, James J. Ormiston, Levon G. Hovnatanian, Martin, Disiere & Jefferson, L.L.P., Houston, Frank Weaver Rose, Smith Carter Rose Et Al., San Angelo, Attorneys for Appellees.

Before Panel No. 4 BARAJAS, C.J., LARSEN, and McCLURE, JJ.

### *OPINION ON ORDER DENYING LEAVE TO FILE AMENDED AND SUPPLEMENTAL NOTICES OF APPEAL*

PER CURIAM.

This is an interlocutory appeal from an order certifying a class action in an oil and gas case under TEX.R. CIV. P. 42. The class of plaintiffs is comprised of royalty interest owners in oil and gas leases in Crockett County, Texas. We abated and remanded this cause to the trial court for proceedings in accordance with *Southwestern Refining Co., Inc. v. Bernal.*[1] The trial court then issued three orders which have been forwarded to this Court in a supplemental record. Pending before the Court now is the Appellants' motion for leave to file amended and supplemental notices of appeal from the three subsequent orders. We deny the motion.

### *BACKGROUND*

Lowell F. Hankins and Pierce Miller, as Trustee for The Ada L. Pierce Testamentary Trust and The Victor Lenore Pierce Miller Trust, filed a class action against Union Pacific Resources Group, Inc. (UPRG) and its affiliates claiming a breach of the implied covenant to manage and administer the leases. They also claimed that UPRG was liable for failing to pay royalties based on true market prices.

On December 7, 1999, the trial court signed a certification order certifying a class of plaintiffs of royalty owners under gas leases owned or operated by UPRG and/or an affiliate, in Crocket County, Texas, and where the gas was purchased by UPRG and/or an affiliate. UPRG filed a notice of appeal on January 4, 2000, an amended notice of appeal on July 11, 2000, and a second amended notice of appeal on September 20, 2000. On March 8, 2001, this Court issued an Order Abating Interlocutory Appeal and an Opinion on Order Abating Interlocutory Appeal.[2] We abated and remanded this cause requesting that the trial court supplement the certification order in accordance with the requirements of *Bernal,* because the trial court's certification order did not indicate the substantive issues in the case, and did not indicate how the case would likely be tried.[3] We further ordered the trial court

---

1. 22 S.W.3d 425 (Tex.2000).

2. *See Union Pac. Resources Group v. Hankins,* 41 S.W.3d 286, 289 (Tex.App.—El Paso 2001, n.p.h.).

3. *Id.* at 289.

to provide the same in a supplemental record to this Court.[4]

 On April 26, 2001, the trial court issued three orders: (1) a Supplemental Class Certification Order–Trial Plan Order; (2) an Order to Compile Supplemental Clerk's Record and Transmit Record to Court of Appeals; and (3) an Order denying the Defendant's request for a hearing on their Motion to Reconsider Class Certification and Objections to Plaintiffs' Proposed Supplemental Class Certification Order. We received a two-volume supplemental record containing the three orders as well as the pleadings filed in the trial court since the abatement. On May 14, 2001, UPRG filed with this Court a motion pursuant to Tex.R.App. P. 25.1(f), requesting leave to file amended and supplemental notices of appeal relating to the three orders dated April 26, 2001. Appellees filed an opposition to the motion, contending that the orders were not appealable under Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(3). UPRG responded that such orders are appealable because they pertain and relate to the certification order, and that taken together with the certification order, they constitute an appealable interlocutory order.

### DISCUSSION

 Texas appellate courts have jurisdiction over interlocutory appeals only where specifically authorized by statute.[5]

Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(3) expressly authorizes a party to appeal from an interlocutory order that certifies or refuses to certify a class action.[6] In *De Los Santos v. Occidental Chemical Corp.*, the Texas Supreme Court held that an interlocutory order that changed a certified class from an opt-out to mandatory and created conflict between the class and its counsel altered the fundamental nature of the class and was appealable under the statute.[7] The statute, however, does not authorize an appeal from an order merely enlarging the size of a class,[8] or an order modifying a class's definition.[9] Most recently, the Texas Supreme Court has held that a trial court's order overruling a motion to decertify a class did not fit within the *De Los Santos* test for interlocutory appeal jurisdiction.[10]

In the present case, the trial court's subsequent orders do not certify or decertify a class, do not change the nature of the class, nor do they effect the class members' relationships with each other or with class counsel. Thus, we do not have jurisdiction to review the orders on an interlocutory basis.[11] We are bound by the Legislature's limited grant of appellate jurisdiction over interlocutory appeals.[12]

### CONCLUSION

Because the trial court's subsequent orders are not appealable on an interlocutory

---

4. *Id.*

5. *Cherokee Water Co. v. Ross,* 698 S.W.2d 363, 365 (Tex.1985) (per curiam).

6. Tex Civ. Prac & Rem.Code Ann. § 51.014(a)(3) (Vernon Supp.2001).

7. 933 S.W.2d 493, 495 (Tex.1996).

8. *Pierce Mortuary Colleges, Inc. v. Bjerke,* 841 S.W.2d 878, 880–81 (Tex.App.—Dallas 1992, writ denied).

9. *Koch Gathering Systems, Inc. v. Harms,* 946 S.W.2d 453, 455–56 (Tex.App.—Corpus Christi 1997, writ denied).

10. *See Bally Total Fitness Corporation v. Jackson,* 53 S.W.3d 352, 353 (Tex. 2001).

11. *See id.* at 353.

12. *See id.* at 353.

basis, we deny UPRG's motion for leave to file amended and supplemental notices of appeal.