# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00436-CV

**Charles O. "Chuck" Grigson, Gerald Hooks, and Leslie Hooks, Appellants**

**v.**

**The State of Texas; The Texas Department of Insurance;
The Texas Commissioner of Insurance; Farmers Group, Inc.;
Farmers Underwriters Association; Fire Underwriters Association;
Farmers Insurance Exchange; Fire Insurance Exchange;
Texas Farmers Insurance Company; Mid-Century Insurance Company of Texas;
Mid-Century Insurance Company; Farmers Texas County Mutual Insurance Company;
Truck Insurance Exchange; and Truck Underwriters Association, Appellees**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
NO. D-1-GV-02-002501, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

The parties are familiar with this appeal's factual and procedural background, which we discuss only as necessary to our decision. *See* Tex. R. App. P. 47.1 (stating appellate court opinions should be as brief as practicable in addressing issues necessary to final disposition), 47.4 (stating memorandum opinions should be no longer than necessary to advise parties of court's decision and basic reasons for it).

Appellees filed a motion to dismiss this appeal, arguing that the district court's July 6, 2015 Order of Preliminary Approval is not appealable. Appellants contend that the Order is appealable as an order certifying a class, and appellant Grigson has filed an amended emergency

motion to stay the sending of class notice pending this appeal. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(3) (authorizing appeal from interlocutory order certifying or refusing to certify class in class-action suit under Texas Rule of Civil Procedure 42).[1]

However, the record reflects that the district court's order is interlocutory and not appealable because it did not certify a class or make any change to the "fundamental nature" of the class. *See Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355, 358 (Tex. 2001) (noting Texas Legislature's intent that section 51.014 be "strictly construed" and allow only appeals from order that certifies or refuses to certify class); *Pierce Mortuary Colls., Inc. v. Bjerke*, 841 S.W.2d 878, 880-81 (Tex. App.—Dallas 1992, writ denied) (concluding that amended order increasing size of existing certified class did not certify or refuse to certify class under section 51.014(a)(3) and thus was not appealable); *see also Phillips Petroleum Co. v. Yarbrough*, 405 S.W.3d 70, 80 (Tex. 2013) (holding that trial court's orders allowing addition of new claim changed fundamental nature of class and were appealable); *De Los Santos v. Occidental Chem. Corp.*, 933 S.W.2d 493, 495 (Tex. 1996) (holding that trial court's second order certifying class, which went beyond merely increasing number of class members by changing class from "opt out" to mandatory, was fundamental change justifying appeal from second order). The challenged Order makes no mention of the class other than acknowledging the class certification in 2003, the eventual appeal of the certification to the Texas Supreme Court, and the affirmance of the certification on remand to this Court. *See Farmers Grp., Inc. v. Lubin*, 222 S.W.3d 417, 419-420 (Tex. 2007); *Lubin v. Farmers Grp., Inc.*, No. 03-03-

---

[1] We grant appellees' Motion for Leave to File Reply in Further Support of Joint Motions to Dismiss Appellants' Appeals for Lack of Appellate Jurisdiction and appellant Grigson's Motion for Leave to File Sur-Reply in Opposition to Appellees' Reply and Joint Motions to Dismiss Appellants' Appeals for Lack of Appellate Jurisdiction.

00374-CV, 2009 Tex. App. LEXIS 8584, at *126-27 (Tex. App.—Austin Nov. 6, 2009, no pet.) (mem. op.).

Appellees' motion to dismiss this appeal and their response to the motion to stay correctly note that the district court made no ruling certifying the class, as Grigson's counsel acknowledged at the hearing:

> THE COURT: And I understood that from the briefing you gave me in advance of this hearing that you were each trying to spin my prior comments on the record to be a "oh, we need to recertify this class" from your perspective and "no we don't" from their perspective. I understood that completely.
>
> [GRIGSON'S COUNSEL]: And I think I do, too, Your Honor, that this particular settlement that you're approving will not have a separate certification or refusal to certify.

Further, the court was not persuaded by the Hooks' counsel's argument that the death or divorce of class members meant that the class had "modified itself" and "drastically changed." The court noted that in such cases, compensation would go to the decedents' estates or the marital estates, and "[w]hether they died or divorced or remarried or whatever, it's still the same group of people."

We conclude that the Order of Preliminary Approval is not an order certifying a class. Without a final judgment or an otherwise appealable order, we may not exercise appellate jurisdiction. *See* Tex. Civ. Prac. & Rem. Code § 51.014; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Accordingly, we grant appellees' motion and dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a). Appellant Grigson's amended emergency motion to stay the sending of class notice is denied.

3

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Pemberton and Field

Dismissed on Appellees' Motion

Filed:   August 24, 2015