**Martina DE LOS SANTOS,**
**et al., Appellants,**

v.

**OCCIDENTAL CHEMICAL**
**CORPORATION, et al.,**
**Appellees.**

No. 13–95–321–CV.

Court of Appeals of Texas,
Corpus Christi.

Feb. 29, 1996.

Rehearing Overruled March 28, 1996.

Russell H. McMains, Law Offices of Russell H. McMains, Corpus Christi, Hector Gonzalez, Alice, for appellants.

David R. McAtee, Gibson, Dunn & Crutcher, Dallas, M.W. Meredith, Jr., Clay E. Coalson, Meredith, Donnell & Abernethy, Corpus Christi, John R. Crews, Gibson, Dunn & Crutcher, Dallas, Christopher H. Buckley, Jr., Gibson, Dunn & Crutcher, Washington, DC, Carlos A. Mattioli, Meredith, Donnell & Abernethy, Corpus Christi, J.A. Canales, Canales & Simonson, P.C., Corpus Christi, Douglas E. Chaves, Paul W. Nye, Chaves, Gonzales & Hoblit, Corpus Christi, Charles W. Schwartz, D. Ferguson McNiel, III, Penelope E. Nicholson, Vinson & Elkins, Houston, for appellees.

Rose Vela, Steve T. Hastings, Douglas A. Allison, Allison & Huerta, Corpus Christi, Michael G. Terry, Edwards & Terry, Corpus Christi, Robert C. Hilliard, Hilliard, Grillo & Munoz, Corpus Christi, Malcolm C. Halbardier, San Antonio, James B. Ragan, Robert E. Brunkenhoefer, Corpus Christi, Hubert L. Stone, Stone & Stone, Corpus Christi, Robert B. Waltman, Waltman & Associates, Bryan, Michael Maldonado, Law Office of Warren L. Eddington, Corpus Christi, Gregory H. Herrman, Herrman, Henley & Herrman, Corpus Christi, Farrell M. Smith, Corpus Christi, William D. Bonilla, Bonilla, Read, Bonilla & Berlanga, Corpus Christi, Rene Rodriguez, Law Offices of Rene Rodriguez, Corpus Christi, for other interested parties.

Before DORSEY, HINOJOSA and YAÑEZ, JJ.

## OPINION

YAÑEZ, Justice.

This is an attempted interlocutory appeal from the trial court's order changing the nature of a class action from opt-out to mandatory, by Martina De Los Santos and a number of others who wish to exclude themselves from the class of plaintiffs. Because we find no authority for an interlocutory appeal, we dismiss for want of jurisdiction.

Although the underlying lawsuit has been through a number of complicated changes and realignments, for purposes of the present appeal it is procedurally fairly simple. Following a chemical release from Occidental Chemical Corporation's Robstown plant in October of 1992, the injured parties brought suit and the trial court on October 3, 1994, originally certified a mandatory class action including all persons affected by the chemical release.

Later, on January 3, 1995, the trial court modified the class action from mandatory to opt-out, in order to allow class members the option to be excluded and to pursue separate actions against Occidental. *See* Tex.R.Civ.P. 42. Several class members informed the trial court of their decision to be excluded, and the class action proceeded on behalf of the remaining members of the class. The lawsuit went to trial in this manner, and a verdict was rendered against Occidental on liability and ordinary damages. However, before the jury returned a verdict on punitive damages, Occidental and the representatives of the class reached a proposed settlement. The proposal included a request to modify the class action by changing it back to a mandatory class.

On June 30, 1995, the trial court signed an Order Granting Motion for Modification of Class Certification Order, which declared "the previously existing opt-out class action is hereby modified to become a mandatory class action." The trial court also approved notice to class members of the modification and proposed settlement, and set a hearing on August 18, 1995, for consideration of the settlement. Members of the mandatory class who had earlier excluded themselves from the opt-out class attempted to bring the present interlocutory appeal from this order modifying the class action.

■ The Texas Supreme Court has steadfastly adhered through the years to the rule that an appeal may be prosecuted only from a final judgment and that to be final a judgment must dispose of all issues and parties in a case. *North East Independent School District v. Aldridge*, 400 S.W.2d 893, 895 (Tex.1966). Accordingly, except as authorized by statute, no appeal lies from an interlocutory order. *Cherokee Water Co. v. Ross*, 698 S.W.2d 363, 365 (Tex.1985); *Aldridge*, 400 S.W.2d at 895.

Section 51.014 of the Texas Civil Practice and Remedies Code allows such an appeal from various types of interlocutory orders, including one that "certifies or refuses to certify a class in a suit brought under Rule 42 of the Texas Rules of Civil Procedure." Tex.Civ.Prac. & Rem.Code § 51.014(3) (Vernon Supp.1996).

Texas Rule of Civil Procedure 42 governs class actions. Rule 42(b) provides that an action may be maintained as a class action if it falls within one of four specified categories. Rule 42(c)(1) provides that "[a]s soon as practicable after the commencement of an action brought as a class action, the court shall, after hearing, determine by order whether it is to be so maintained. This determination may be altered, amended or withdrawn at any time before final judgment." *See Morgan v. Deere Credit, Inc.*, 889 S.W.2d 360, 365 (Tex.App.—Houston [14th Dist.] 1994, no writ); *Salvaggio v. Houston I.S.D.*, 709 S.W.2d 306, 309–10 (Tex. App.—Houston [14th Dist.] 1986, writ dism'd). Rule 42(c)(2) then provides that the members of the class will be notified differently depending upon whether it is a mandatory class under the first three categories of Rule 42(b), or an opt-out class under the last category.

■ Simply stated, the jurisdictional problem in the present case is whether the trial court's order changing the class action from opt-out to mandatory amounts to an order that "certifies or refuses to certify a class." Appellants would characterize the trial court's order as a de-certification of the opt-out class action and a simultaneous re-certification of the mandatory class action. Appellees, however, contend that the class action remained certified as such throughout, but that the nature of the class was merely altered from opt-out to mandatory.[1]

---

1. We note that the parties to the present appeal seem to base their arguments largely on whether the trial court's order stated that it was modifying an already certified class or re-certifying the underlying class action. However, we do not believe that the particular wording of the trial court's order is relevant to the nature of that order and its appealability in this case. In determining the validity of a judgment, it is substance and not the label or form that is controlling.

*Mathes v. Kelton*, 569 S.W.2d 876, 878 (Tex. 1978); *International Security Life Insurance Company v. Spray*, 468 S.W.2d 347 (Tex.1971); *Ferguson v. Naylor*, 860 S.W.2d 123, 129 (Tex. App.—Amarillo 1993, writ denied).

Accordingly, the Texas Supreme Court has rejected matters of form as controlling the nature of an order or judgment, in favor of an examination of the character and function of such an

Clearly, the withdrawal of certification altogether is considered a form of refusal to certify and is an appealable interlocutory order. *Grant v. Austin Bridge Const. Co.*, 725 S.W.2d 366, 368 (Tex.App.—Houston [14th Dist.] 1987, no writ). *Grant* acknowledged the appealability of such an order in part because a more narrow interpretation would give the trial court the power to circumvent appellate review by first granting, then withdrawing class certification. *Id.* at 368–69.

■ However, the trial court's exercise of its continuing power to alter or amend the nature of an existing certified class by an order increasing its size does not "certify or refuse to certify a class," for purposes of an interlocutory appeal. *Pierce Mortuary Colleges, Inc. v. Bjerke*, 841 S.W.2d 878, 880 (Tex.App.—Dallas 1992, no writ). Accordingly, we do not have jurisdiction over an interlocutory order disposing of matters relating to class certification, such as class size, if the order does not certify or refuse to certify the class. *American Express Travel Related Services Co. v. Walton*, 883 S.W.2d 703, 707 (Tex.App.—Dallas 1994, no writ); *Bjerke*, 841 S.W.2d at 880; *Permian Corp. v. Davis*, 610 S.W.2d 236, 237 (Tex.App.—El Paso 1980, writ ref'd.) (per curiam). In other words, an order which merely alters the attributes of a class does not affect the underlying certification of the action as a class action.

Aside from a slight difference in notification to the unnamed members of the class and their ability to opt-out of that class, the underlying nature of the lawsuit as a class action remains the same whether it is mandatory or opt-out. To the extent that unnamed members may exclude themselves under the opt-out class but not the mandatory class, the size of the class may change, but it is otherwise tried in the same manner as a mandatory class action. Accordingly, we consider

such an order to be more in the nature of an alteration or amendment of the existing class rather than a recertification of it.

As with any other such order that would tend to increase the size of a mandatory class, the new members of the class may object to their being included in that class, but their remedy is by appeal from the final judgment rather than by the narrow statutory exception of an interlocutory appeal.

Moreover, we believe that our present lack of jurisdiction amounts to more than a mere technicality harshly imposed against the appellants, but comports with the smooth and orderly trial of a class action lawsuit.

■ The general prohibition against interlocutory appeals has proven to be a workable rule, preventing piecemeal appeals and allowing the trial court and the parties the freedom to try their case without the interference and inconvenience of multiple appeals during the course of litigation. In addition, the writ of mandamus is generally available in those instances where a party's rights will not be adequately protected by appeal from the final judgment. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992).

We believe that the present attempted appeal demonstrates the uncertainty and disadvantages of allowing an interlocutory appeal to micromanage every order of the trial court which might alter the nature of the lawsuit before final judgment. Here, the certification of a class action as a mandatory class first occurred in October of 1994. Since that time, the class has been altered to an opt-out class, the case has gone to trial and settlement reached at the eleventh hour, after which the trial court again altered the class back to a mandatory class, from which the present appeal is attempted. The trial court has, since the most recent alteration of the

order as determining its classification. *Del Valle Independent School Dist. v. Lopez*, 845 S.W.2d 808, 809 (Tex.1992) (whether an order grants injunctive relief and is appealable as such). For example, when the substance of a decree amounts to a final judgment, incidental language labeling portions thereof temporary is not con-

trolling. *Brines v. McIlhaney*, 596 S.W.2d 519, 524 (Tex.1980).

Neither may the trial court in the present case support or defeat an interlocutory appeal merely by the label it attaches to its interlocutory order. Rather, it is the substance of the order that determines whether it is appealable.

class, purported to enter a final judgment on the settlement agreement binding the mandatory class, from which no appeal has been perfected.[2]

Were we to take jurisdiction over the interlocutory appeal, appellants point out that Texas Rule of Appellate Procedure 43(a) then stayed the trial court's authority to have rendered final judgment on the settlement. Accordingly, each time the trial judge alters a class, he would be subject to having his authority halted by Rule 43(a) until the interlocutory appeal had been determined.

We do not believe that the provision for an interlocutory appeal from class certification was ever intended to cause such confusion, delay and waste of resources. On the contrary, the trial court should, after the initial determination to certify a class action, be free to alter and amend that class as the needs of litigation present themselves, without the threat of having its jurisdiction abruptly yanked away at any stage of the proceedings for some indefinite period of appellate review. Those statutory exceptions allowing interlocutory appeal were drawn narrowly in order to avoid this sort of micromanagement of the trial court's rulings.

Accordingly, the present attempted appeal is DISMISSED FOR WANT OF JURISDICTION.

---

**2.** On September 12, 1995, the trial court signed an order approving the settlement and dismissing with prejudice the claims asserted by the mandatory class. Noting that the appellants in the present interlocutory appeal have failed to appeal that final judgment, the defendants and representative members of the mandatory class accordingly brought a motion to dismiss the present interlocutory appeal as moot in view of the final judgment. The appellants have responded that Texas Rule of Appellate Procedure 43 deprived the trial court of jurisdiction to enter final judgment during the pendency of the interlocutory appeal.