**Martina DE LOS SANTOS, et al., Petitioners**

v.

**OCCIDENTAL CHEMICAL CORPORATION, et al., Respondents.**

No. 96–0428.

Supreme Court of Texas.

Oct. 18, 1996.

Rehearing Overruled Dec. 13, 1996.

Russell H. McMains, Hector Gonzalez, Corpus Christi, for petitioners.

Steven T. Hastings, Douglas A. Allison, Michael G. Terry, J.A. "Tony" Canales, Jeanette Cantu-Bazar, M.W. Meredith, Jr., Clay E. Coalson, Douglas E. Chaves, Paul W. Nye, Corpus Christi, D. Ferguson McNeil, III, Charles W. Schwarz, Penelope E. Nicholson, Houston, John R. Crews, Dallas, for respondents.

PER CURIAM.

"A person may appeal from an interlocutory order ... that ... certifies or refuses to certify a class in a suit brought under Rule 42 of the Texas Rules of Civil Procedure...." TEX. CIV. PRAC. & REM.CODE § 51.014(3). The single issue before us is whether the order appealed from falls within this provision. The court of appeals held that it did not and dismissed the appeal for want of jurisdiction. 925 S.W.2d 62. We have jurisdiction to determine whether the court of appeals correctly decided its jurisdiction over an interlocutory appeal. *Del Valle Ind. School Dist. v. Lopez,* 845 S.W.2d 808, 809 (Tex.1992); *Long v. Humble Oil & Ref. Co.,* 380 S.W.2d 554, 555 (Tex.1964). We hold that the court of appeals does have jurisdiction and thus remand the case to that court for consideration of the merits.

Don Grant filed this lawsuit against Occidental Chemical Corporation ("OxyChem") and others, claiming to have been injured by an accidental chemical release from OxyChem's butadiene plant near Robstown. Several other plaintiffs intervened. Faced with more than 8,600 injury claims like plaintiffs' and some 500 other lawsuits, defendants moved the district court in this case to certify a mandatory plaintiffs' class of all persons claiming injury from the incident. The district court at first denied, then granted defendants' motion over plaintiffs' vigorous protests. Grant and other plaintiffs appealed. A group of some 505 class members represented by attorney Hector Gonzalez opposed certification of the class but did not join in the Grant plaintiffs' appeal.

While the appeal was pending, plaintiffs repeatedly urged the district court to reconsider class certification, but the court refused. After several weeks, however, the district judge resigned and the case was transferred to another court, which promptly granted the motions to reconsider and certified the class not as a mandatory one but as an opt-out class. The Grant plaintiffs' appeal was dismissed as moot, the Gonzalez plaintiffs and others opted out, and the case proceeded to trial.

After nine weeks of trial on liability and actual damages, the jury found OxyChem and others negligent and grossly negligent. However, the jury also found that seven of the twelve class representatives had not suffered any damages, and that the other five had sustained total damages of $3,400. Before the punitive damages phase of the trial commenced, defendants offered to settle for $65,700,000 conditioned on certification of a mandatory class and district court approval. Despite plaintiffs' prior steadfast opposition to certification of a mandatory class, class counsel accepted defendants' offer. At the joint request of defendants and class counsel, and over the objection of the Gonzalez plaintiffs who had not participated in the trial, the district court, after an evidentiary hearing, certified a mandatory class and approved the settlement.

The Gonzalez plaintiffs appealed from this interlocutory order. The court of appeals dismissed the appeal for want of jurisdiction. While this appeal has been pending, the district court signed a final judgment, and the settlement funds were distributed. Of the 505 Gonzalez plaintiffs, 474 elected to take their share of the settlement. Only 31 remain in this appeal.

The court of appeals reasoned that the order certifying a mandatory class only en-

larged the size of the existing opt-out class and thus was not an order from which interlocutory appeal could be taken under Section 51.014. 925 S.W.2d at 65.. It relied on *Pierce Mortuary Colleges, Inc. v. Bjerke,* 841 S.W.2d 878, 880–881 (Tex.App.—Dallas 1992, writ denied), which holds that an order changing the size of a class only modifies a certification order and is not an order certifying or refusing to certify a class from which an interlocutory appeal will lie. But *Pierce Mortuary* cannot be stretched to cover this case. In *Pierce Mortuary* new members were added to the class prior to trial, but the relationship of class members to each other and their attorneys was not affected by the expansion. Changing a class from opt-out to mandatory does not simply enlarge its membership; it alters the fundamental nature of the class.

Class counsel and defendants, now aligned, stress that the issue is not whether the Gonzalez plaintiffs have any right of appeal at all—clearly they do—but whether they must wait until final judgment is rendered. To the extent this involves a policy decision, it has been made by the Legislature in Section 51.014. The Grant plaintiffs themselves appealed from the first certification of a mandatory class, yet now they argue that a similar appeal by the Gonzalez plaintiffs comes too early.

We have recently noted the "growing concern about the conflicts that may arise between the class and its counsel", especially in relation to settlement. *General Motors Corp. v. Bloyed,* 916 S.W.2d 949, 953 (Tex. 1996). To deny interlocutory appeal in this situation, when class counsel agrees to a fundamental restructuring of the class to which they were once opposed, aggravates those concerns.

Accordingly, the Court grants petitioners' application for writ of error and, without hearing oral argument, reverses the judgment of the court of appeals and remands the case to that court for consideration of the merits of the appeal. TEX.R.APP. P. 170.