Yellow Pages v. Waterin Hole 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00348-CV







Southwestern Bell Yellow Pages, Inc., Appellant




v.




Waterin Hole, Inc., d/b/a Oasis Cantina Del Lago; and 


Southern/Austin, Inc., d/b/a Perma Jack, Appellees








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 95-03809, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING







 Appellant Southwestern Bell Yellow Pages, Inc., appeals the trial court's order certifying
a class represented by appellees Waterin Hole, Inc., d/b/a Oasis Cantina Del Lago, and Southern/Austin,
Inc., d/b/a Perma Jack. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(3) (West Supp. 1997). 
Appellees sued Yellow Pages for breaching a contract to publish advertising in the December 1994 edition
of the Greater Austin Southwestern Bell Yellow Pages and White Pages. Appellees claimed they paid for
one year's advertising, but because the directories were not fully distributed until January 1995, they
received less than they contracted for. Appellees additionally alleged that Yellow Pages fraudulently and
negligently misrepresented that the directories would be distributed on time. We will reverse the order of
certification.

 On appellees' motion, the trial court certified as a class all advertisers published in the
December 1994 Southwestern Bell Yellow Pages and White Pages for the greater Austin area. See Tex.
R. Civ. P. 42(a), (b)(4). The trial court found in its certification order that the representative parties are
qualified to represent the class and that they will fairly and adequately protect the interests of the class.

 In its first point of error, Yellow Pages contends that, because no evidence exists that the
representative parties will fairly and adequately protect the interests of the class, the trial court erred in
certifying the class. Id. 42(a)(4). The trial court is vested with discretion in deciding whether to certify a
class, and we review the court's decision only for an abuse of its discretion. See Vinson v. Texas
Commerce Bank--Houston, Nat'l Ass'n, 880 S.W.2d 820, 823 (Tex. App.--Dallas 1994, no writ). A
court abuses its discretion if its decision is arbitrary and unreasonable or it rules based on factual assertions
not supported by material in the record. See Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992);
Vinson, 880 S.W.2d at 823. When reviewing factual matters committed to the trial court's discretion, an
appellate court cannot substitute its judgment for that of the trial court. See Walker, 827 S.W.2d at 839-40.

 To obtain certification, a party must satisfy the four requirements of Rule
42(a)--numerosity, commonality, typicality, and adequate representation--as well as one of the
requirements of Rule 42(b). See Tex. R. Civ. P. 42(a), (b); Vinson, 880 S.W.2d at 824. The requirement
of adequate representation consists of two elements: (1) an absence of antagonism between the class
representatives and the class members, and (2) an assurance that the representatives will vigorously
prosecute the class members' claims. Forsyth v. Lake LBJ Invest. Corp., 903 S.W.2d 146, 150 (Tex.
App.--Austin 1995, writ dism'd w.o.j.). Yellow Pages focuses its argument on the element of vigorous
prosecution by the class representatives.

 Whether the class representatives adequately represent the class is a question of fact that
must be determined by reference to the circumstances of each case. Id.; Dresser Indus., Inc. v. Snell, 847
S.W.2d 367, 373 (Tex. App.--El Paso 1993, no writ). Factors affecting the determination include:



(1) adequacy of counsel,


(2) potential conflicts of interest,


(3) the personal integrity of the plaintiffs,


(4) the representatives' familiarity with the litigation and their belief in the legitimacy of
the grievance;


(5) whether the class is manageable based on geographical limitations, and


(6) whether the plaintiffs can afford to finance the class action.



Forsyth, 903 S.W.2d at 150. We review the record to determine whether some evidence supports the
order, viewing the evidence in a light most favorable to the trial court's action and entertaining every
presumption that favors its judgment. Vinson, 880 S.W.2d at 823.

 The appellees' only witness at the certification hearing was Samuel Issacharoff, a professor
at the University of Texas School of Law. Issacharoff testified that in his opinion the cause was suitable
to proceed as a class action. He based his opinion on the pleadings, the contract, appellees' ads in the
yellow pages, and the depositions of Shirley Shaw and Jack Yeager, as well as his work as counsel in class
actions (1) and his review of materials on class actions. With respect to what constitutes adequate class
representation, Issacharoff testified he believed that the requirement of adequacy of representation
depended primarily upon the competence and incentive of class counsel and the absence of conflict
between the named representatives and the rest of the class. Issacharoff recommended certifying the class
in this cause because counsel appeared to be competent and he saw no conflicts among class members. 
When questioned about the role of the named representative plaintiffs, he stated that their claims should be
representative of those of the other class members and that they should have an interest in being involved
in the suit and assuring that the lawyers do their share. Shaw and Yeager did not testify in person, nor were
they present at the hearing, although Yellow Pages introduced parts of their depositions in evidence.

 In her deposition testimony, Shaw identified herself as the director of advertising and public
relations for the Oasis Restaurant. She stated that she had not reviewed any information about the case,
such as contracts or notes, for months. She did not know of any other individual or business that wished
to sue over the 1994 phone books. She had not talked to anyone about participating in the lawsuit.

 Robert Yeager, who owns Southern/Austin, Inc., stated in his deposition that he reviewed
the contract with Yellow Pages when he last renewed it in the fall of 1995. Yeager could not recall the
terms of his fee agreement with the attorneys representing his company; he had not looked at the fee
agreement for a year. He did not know of anybody in Austin who had discarded the old phone book
before receiving the new one. Yeager had not talked with any other person or business who showed an
interest in suing Yellow Pages. He had no idea how damages for the class should be calculated, nor had
he thought about potential distinctions among class members.

 One of the foremost objectives of Rule 42 is to protect the interests of absent class
members. General Motors, Inc. v. Bloyed, 916 S.W.2d 949, 953 (Tex. 1996). The supreme court has
identified two aspects of class actions that warrant care in certifying classes: first, due process requires that
absent class members, whose interests will be bound by a judgment, be adequately represented; second,
the absent class members' inability to monitor class counsel may cause the interests of the class and its
counsel to diverge. Id. To assure that a judgment binding class members will be fair to them, the trial court
must implement the four requirements of Rule 42(a) so as to minimize conflicts and to protect absent class
members. Id. at 954. Although Bloyed arose in the context of a class settlement that preceded
certification, the court directed its concerns over potential conflict between counsel and class members and
fairness to class members to initial certification as well; its discussion underscores the importance of
adequate representation. See id. See also De Los Santos v. Occidental Chemical Corp., 933 S.W.2d
493, 495 (Tex. 1996) (reemphasizing concern about conflicts that may arise between class and its counsel,
especially in relation to settlement). A trial court deciding to certify a class must, therefore, be vigilant to
require adequate representation in both class counsel and the class representatives. See Bloyed, 916
S.W.2d at 954.

 In considering the requirement of adequate representation, this Court has required that class
representatives themselves, as well as counsel, avidly pursue the claims of the class members. Forsyth,
903 S.W.2d at 152. We have agreed with federal authority that the class is entitled to more than adequate
counsel: "It must also be assured that it will have an adequate representative, one who will check the
otherwise unfettered discretion of counsel in prosecuting the suit and who will provide his personal
knowledge of the facts underlying the complaint." Id. (citing Weisman v. Darneille, 78 F.R.D. 669, 671
(S.D.N.Y. 1978)). See also Adams v. Reagan, 791 S.W.2d 284, 291 (Tex. App.--Fort Worth 1990,
no writ) (class representatives should vigorously prosecute the class action, take active role in and control
litigation, and protect absentees' interests). (2)

 As in Forsyth, the failure of the class representatives to attend the certification hearing,
while not required, weighs against certification. Id. at 152. The deposition testimony shows that neither
Yeager nor Shaw sought or obtained information about the claims of other potential class members, or
made any attempt to become informed about the legal action or class they sought to represent. Shaw had
not reviewed the disputed contract for months, and Yeager could not recall the fee agreement with the
lawyers representing his company. Yeager had no thoughts on how damages for the class should be
calculated and had not considered whether the potential class should be subdivided.

 This testimony constitutes no evidence that the class representatives would willingly take
an active role in the litigation and vigorously assert the interests of the absent class members. Wiggins v.
Enserch Exploration, Inc., 743 S.W.2d 332, 336 (Tex. App.--Dallas 1987, writ dism'd w.o.j.). 
Issacharoff's respected opinion, offered on a mixed question of law and fact, emphasized the competence
of class counsel, rather than the participation of the representatives, and provides no evidence to support
the trial court's ruling. Crum & Forster, Inc. v. Monsanto Co., 887 S.W.2d 103, 134-35 (Tex.
App.--Texarkana 1994, no writ). The representatives' apparent disinterest, limited information, and lack
of involvement evince their willingness to depend upon class counsel to protect the interests of the class and
fails to provide the proper assurance that the class members will be adequately represented. Forsyth, 903
S.W.2d at 152 (citing Darneille, 78 F.R.D. at 671). Because the requirement of adequate representation
is lacking, the trial court abused its discretion in certifying the class. We therefore sustain point of error one.

 Based on our disposition of point one, we need not address the remaining points of error
asserted by Yellow Pages. We reverse the trial court's certification order and remand the cause to the trial
court for further proceedings.



 

 Marilyn Aboussie, Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith; Chief Justice Carroll not

  participating

Reversed and Remanded

Filed: March 20, 1997

Do Not Publish
1.   Issacharoff was not acting as counsel in this cause.
2.   We recognize that, on the issue of adequate representation, some courts impose a less
stringent standard of participation by the representative, relying instead on vigorous prosecution
by class counsel. See Health & Tennis Corp. of Am. v. Jackson, 928 S.W.2d 583, 589 (Tex.
App.--San Antonio 1996, writ requested); Microsoft Corp. v. Manning, 914 S.W.2d 602, 614 (Tex.
App.--Texarkana 1995, writ dism'd); Weatherly v. Deloitte & Touche, 905 S.W.2d 642, 652 (Tex.
App.--Houston [14th Dist.] 1995, writ dism'd w.o.j.). Participation by both is preferable.



ial conflict between counsel and class members and
fairness to class members to initial certification as well; its discussion underscores the importance of
adequate representation. See id. See also De Los Santos v. Occidental Chemical Corp., 933 S.W.2d
493, 495 (Tex. 1996) (reemphasizing concern about conflicts that may arise between class and its counsel,
especially in relation to settlement).