**BALLY TOTAL FITNESS CORPORATION, f/k/a Health & Tennis Corporation of America, Appellant,**

**v.**

**Keith JACKSON and Freddy Mack, Individually and on Behalf of All Others Similarly Situated, Appellees.**

No. 04–98–00834–CV.

Court of Appeals of Texas, San Antonio.

May 12, 1999.

Rehearing Overruled Aug. 25, 1999.

Sharon E. Callaway, Thomas H. Crofts, Jr., Crofts, Callaway & Jefferson, P.C., Ricardo G. Cedillo, Susan G. Gray, Davis, Adami & Cedillo, Inc., Keith E, Kaiser, John T. Reynolds, Cox & Smith Incorporated, San Antonio, for appellant.

Barry Snell, Bayne, Snell & Krause, L.L.P., San Antonio, for appellee.

Before ALMA L. LÓPEZ, Justice, CATHERINE STONE, Justice and KAREN ANGELINI, Justice.

## OPINION

Opinion by: ALMA L. LÓPEZ, Justice.

This is an interlocutory appeal of three court orders, one granting plaintiffs' partial summary judgment on liability, and two orders denying Bally's motions (one oral and one written) to decertify the class. The appellees moved for dismissal on the grounds that none of these orders are final or interlocutory appealable orders. We agree and grant the motion to dismiss.

### FACTUAL BACKGROUND

In 1995, Keith Jackson filed a class action, individually and on behalf of all others similarly situated, against Bally Total Fitness Corporation, formerly known as Health & Tennis Corporation of America ("Bally").[1] The suit complains that Bally charged customers who purchased their club membership in installments an excessive time-price differential amounting to "monthly dues" which were not charged to its cash-paying members for the same membership privileges. Jackson contends that the monthly dues are thinly disguised credit charges which result in a time-price differential that exceeds the maximum per-

---

1. Bally moved for summary judgment against Jackson, individually, on the grounds of the "one satisfaction rule" in that he had earlier sued Bally and another defendant, Perimeter Credit, in county court, settled the case with Perimeter, and dismissed his claim against Bally. The trial court denied the motion for summary judgment and shortly thereafter, Freddy Mack, a member of the plaintiff class, intervened.

mitted by the Texas Credit Code and violates the Deceptive Trade Practices Act.

On December 11, 1995, the trial court certified the lawsuit as a class action. The order required plaintiff to provide the class members "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice shall satisfy the requirement of Tex.R. Civ. P. Rule 42(c)(2), and shall be submitted to the Court for approval prior to being sent." The order does not say when the notice should be sent. Discovery skirmishes intensified, prompting several stays during previous interlocutory appellate proceedings. Bally did not produce membership records in response to discovery requests for purposes of sending notice to the potential class until January of 1998.

Jackson and Mack's motions for partial summary judgment on the issue of liability [2] were granted and the court signed the order on September 21, 1998.

On September 21, 1998, the court also denied Bally's motion to decertify the class. A proposed notice was submitted to the trial court two days later and has not yet been approved or sent to potential members of the class. Appellees complain that the membership information they have received is not in a format that permits them to identify those who qualify as members of the class and are therefore entitled to notice. On September 24, 1998, Bally filed a motion to withdraw class certification on the ground that the court had made a determination on the merits without providing prior notice to the class. This motion was denied on October 2, 1998. On October 21, 1998, the court ordered Bally to produce the records in electronically readable form to permit plaintiff-appellees to proceed with class notification. That order is stayed pending this appeal.

## JURISDICTION

Plaintiff-appellees moved to dismiss this appeal on the ground that none of the three orders from which Bally appeals is a final or interlocutory appealable order. A party may take an interlocutory appeal only when authorized by statute. *See Cherokee Water Co. v. Ross*, 698 S.W.2d 363, 365 (Tex.1985). Texas authorizes an interlocutory appeal from an order which certifies or refuses to certify a class action. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(3) (Vernon 1998).

An order merely changing the size of a class only modifies a certification order and is not an order certifying or refusing to certify a class from which an interlocutory appeal may be taken. *See Pierce Mortuary Colleges, Inc. v. Bjerke*, 841 S.W.2d 878, 880–81 (Tex.App.—Dallas 1992, writ denied). If the order in question certifies or refuses to certify a class, however, other matters relating to class certification, such as class size and notice requirements, may also be reviewed in the interlocutory appeal. *See In the Interest of M.M.O.*, 981 S.W.2d 72, 79 (Tex.App.—San Antonio 1998, no writ). We do not consider questions related to the merits of the class claims, nor do we consider the probability of the class's success on the merits. *See Microsoft Corp. v. Manning*, 914 S.W.2d 602, 607 (Tex.App.—Texarkana 1995, writ dism'd). We may, however, consider all matters pertaining to class certification encompassed within the certification order. *See M.M.O., supra; American Express Travel Related Servs. Co. v. Walton*, 883 S.W.2d 703, 707 (Tex.App.—Dallas 1994, no writ). Interlocutory appeal is also available from a subsequent withdrawal of the original order of certification. *See Grant v. Austin Bridge*

---

**2.** Bally sought an order staying action on the merits until after the notice had been given to the class, giving class members the opportunity to opt out of, or participate in, the litigation as required by Rule 42. The trial court declined to stay those proceedings and both this Court and the supreme court denied Bally's petitions for writ of mandamus.

*Constr. Co.,* 725 S.W.2d 366, 368–69 (Tex. App.—Houston [14th Dist.] 1987, no writ) (order withdrawing certification tantamount to refusing to certify). In addition, the supreme court has held that an order which fundamentally restructures the class may be appealed under § 51.014. *See De Los Santos v. Occidental Chemical Corp.,* 933 S.W.2d 493, 495 (Tex.1996).

Bally points to these cases as examples where the appellate court exercised its jurisdiction to review interlocutory matters collateral to the act of certifying or refusing to certify a class action. In each instance, however, the order appealed was the original order granting or denying certification, or withdrawing a previous order on this issue, or was fundamentally modifying its original order. In this appeal, the original order of class certification was not appealed and the two subsequent orders concerning certification simply overrule Bally's attempts to decertify or withdraw the original order.

■ Bally argues that the partial summary judgment on liability provides the foundation for appellate jurisdiction claiming the trial court fundamentally altered the nature of the class certification when it determined liability before any notice to class members had been sent regarding members' rights to participate with class counsel, participate with other representation, or opt-out entirely. In *De Los Santos v. Occidental Chem. Corp.,* plaintiff Grant and others sued OxyChem for injuries caused by an accidental chemical release from its butadiene plant near Robstown. Other plaintiffs intervened and defendants moved to certify a mandatory class of all persons claiming injury from the incident. Plaintiffs vigorously opposed the move, the court first denied and then granted the certification of a mandatory class. Grant and others appealed, but a group of 505 other plaintiffs, represented by another attorney named Gonzalez, who had also opposed certification, did not join in the appeal. *See De Los Santos*

*v. Occidental Chem. Corp.,* 933 S.W.2d 493, 494 (Tex.1996).

While *the De Los Santos* appeal was pending, the plaintiffs unsuccessfully urged the trial court to reconsider. Then, that district judge resigned and the case was transferred to another court which granted the motions to reconsider and modified or recertified the class as an opt-out class, rather than a mandatory class. The appeal filed by the Grant-led group of plaintiffs was dismissed as moot, the plaintiffs represented by attorney Gonzalez opted out, and the jury trial proceeded to verdict on liability and actual damages. Before proceeding to the punitive damages phase of the trial, OxyChem offered to settle for $65,000,000, conditioned on certification of a mandatory class and district court approval. Gonzalez's clients objected, but the trial court certified a mandatory class and approved the settlement. The El Paso Court of Appeals dismissed the appeal for want of jurisdiction, reasoning that the change in certification from opt-out to mandatory only enlarged the size of the existing class, relying on *Pierce Mortuary Colleges* for the proposition that an order changing class size is an order modifying certification and not an interlocutory appealable order. *See id.* at 494–95.

The supreme court distinguished *Pierce Mortuary Colleges* as a case which merely added new members to the class prior to trial. The additional members did not change the relationship of class members to each other or to their attorneys. In *De Los Santos,* however, the parties had been realigned as a result of the settlement and an apparent conflict between certain members of the class and its counsel. The court stated, "To deny interlocutory appeal in this situation, when class counsel agrees to a fundamental restructuring of the class to which they were once opposed, aggravates [our concerns about this apparent conflict]." The supreme court reversed and remanded the case to the court of appeals for consideration of the appeal on its merits. *Id.* at 495.

*De Los Santos* is clearly an appeal of an order which changed the class from one permitting a member to opt-out to one requiring mandatory participation. In this appeal, Bally argues that the court's partial summary judgment converts this class action from an opt-out class to a "one-way intervention"[3] class which is, in effect, a mandatory classification, *i.e.*, one can add members but members cannot opt-out. *Compare* Tex.R. Civ. Proc. 42(b)(1)–(3) (mandatory classes) *with* 42(b)(4) (opt-out class). We disagree. Nothing in the orders entered in this case changes class members' ability to opt-out, should they choose to do so. Nor has any conflict within the class been demonstrated as a result of the orders entered to date.

Having determined that the orders appealed are not final or otherwise appealable, we dismiss this appeal for lack of jurisdiction.

3. Newberg defines this condition as "a situation in which a potential class member will seek to refrain from participation in a class action until the outcome, whether favorable or unfavorable, appears discernible. If a favorable outcome is likely, the class members will attempt to intervene; if the outcome will be unfavorable, the member will remain on the sidelines to avoid the res judicata effect of the verdict." 2 Newberg on Class Actions § 8.10 (3d ed.1992).