NUMBER 13-00-762-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

_____________________________________________________________


JAMES LAWRENCE WOOD, CHARLES KAFFIE, AND 

JAMES BARNETT , Appellants,

v.


VICTORIA BANK & TRUST COMPANY, N.A., TEXAS 

COMMERCE TRUST COMPANY, N.A., AMERITRUST TEXAS 

CORPORATION, N.A. AND VICTORIA BANKSHARES, INC. , Appellees.

_____________________________________________________________


On appeal from the 94th District Court

of Nueces County, Texas.

_____________________________________________________________


O P I N I O N


Before Justices Dorsey, Yañez, and Rodriguez

Opinion by Justice Dorsey


 This is an appeal of a trial court's order decertifying a class. See Tex. R. Civ. P. 42(c)(1) (allowing a trial court to
withdraw an order certifying a class). The appellants argue that the trial court abused its discretion in entering this order
because it had previously certified the action as a class action, that certification order was affirmed by this Court on appeal,
and nothing material has occurred that would affect the certification. See Texas Commerce Bank National Assoc. v. Wood,
994 S.W.2d 796 (Tex. App.--Corpus Christi 1999, pet. dism'd). We hold that the trial court acted within its discretion in
decertifying the class.

 The suit is brought by numerous beneficiaries of trust accounts. Ameritrust served as trustee on these accounts. In 1993,
Texas Commerce Bank (TCB) purchased Ameritrust and later transferred the responsibility for the trust accounts to other
entities for valuable consideration. This suit was brought by the beneficiaries of those accounts, who alleged conflicts of
interest and related problems with the changes in trustees and the transfers of the trust accounts. In their suit, the
beneficiaries alleged various causes of action including fraud, conversion, breach of fiduciary duty, breach of the duty of
good faith and fair dealing, negligence and deceptive trade practices.

 In July of 1998, the trial court entered an order allowing the plaintiffs to proceed as a class. The defendants in the class
action appealed the trial court's order certifying the class to this Court. See Wood, 994 S.W.2d at 796. This Court affirmed
the trial court's certification order. See id. at 800-807. Approximately eighteen months after this Court's decision was
delivered, the trial court entered an order that decertified the class in its entirety. Appellants, the class plaintiffs, appeal this
decertification order.

 Appellants urge eight points of error, most of which are predicated upon their contention that the sole reason the trial court
decertified the class was because it reconsidered its prior ruling in light of the Texas Supreme Court's trilogy of opinions
regarding class actions decided in 2000: Southwestern Refining Co. v. Bernal, 22 S.W.3d 425 (Tex. 2000); Intratex Gas v.
Beeson, 22 S.W.3d 398 (Tex. 2000); andFord Motor Co. v. Sheldon, 22 S.W.3d 444 (Tex. 2000). The premise of these
arguments is that the trial court abused its discretion in decertifying the class based on this new caselaw because none of the
principles announced in these cases requires a decertification of this class. The appellants argue that, after our original
opinion affirming the trial court's certification of the class, "[o]ther than what may be contained in those opinions, nothing
substantive changed in this case." 

Jurisdiction


 First, we must address a jurisdictional issue. An order decertifying a class is an interlocutory order. "An appellate court
lacks jurisdiction to review an interlocutory order unless a statute specifically authorizes an exception to the general rule,
which is that appeals may only be taken from final judgments." Qwest Communications Corp. v. AT & T Corp., 24 S.W.3d
334, 336 (Tex. 2000). Texas Civil Practices and Remedies Code section 51.014(a)(3) permits appeal of an interlocutory
order that "certifies or refuses to certify a class . . . ." Tex. Civ. Prac. & Rem Code Ann.§ 51.014(a)(3) (Vernon 1997). 
While the Texas Supreme Court has expressly noted that an order refusing to decertify a class is not appealable under that
statute, see Bally Total Fitness Corp. v. Jackson, No. 99-1002, 2001 WL 391636, at *6 (Tex. April 19, 2001), the court
pointed out that at least one court of appeals has allowed an interlocutory appeal of an order decertifying a class. Id. (citing
Grant v. Austin Bridge Constr. Co., 725 S.W.2d 366, 368-69 (Tex. App.--Houston [14th Dist.] 1987, no writ)). Moreover,
the court in Bally noted that a logical distinction exists between an order that grants a motion to decertify and an order that
denies such a motion. Id. at *6. "While an order that grants a motion to decertify actually alters the original certification
decision, an order refusing to decertify does not change the status quo." Id. Thus, the court held that an order denying a
motion to decertify a class does not fit within the "De Los Santos test" for interlocutory-appeal jurisdiction. See De Los
Santos v. Occidental Chemical Corp., 933 S.W.2d 493, 495 (Tex. 1996).

 In De Los Santos, the court held that an order that alters the fundamental nature of the class may be considered an order
which "certifies or refuses to certify a class" that is appealable under section 51.014(a)(3). Id.; see Tex. Civ. Prac. & Rem.
Code § 51.014(a)(3) (Vernon 1997). De Los Santos involved a trial court's order changing a class from opt-out to
mandatory. De Los Santos, 933 S.W.2d at 494. While the court has indicated that De Los Santos should be construed
narrowly, see Bally, 2001 WL 39136, at *3, the rule from De Los Santos appears to be that an order may be considered to
be an order which certifies or refuses to certify a class for purposes of section 51.014(a)(3) if it alters the fundamental
nature of the class. An order that decertifies a class alters the fundamental nature of the class and changes the status quo
ante. Thus, we hold that an order decertifying a class is appealable under section 51.014(a)(3). See Tex. Civ. Prac. & Rem.
Code § 51.014(a)(3) (Vernon 1997).

Standard of Review


 A trial court is accorded discretion in determining whether to grant or deny a class certification. Intratex Gas Co., 22
S.W.3d at 406 (citing Tana Oil & Gas Corp. v. Bates, 978 S.W.2d 735, 740 (Tex. App.--Austin 1998, no pet.) and
American Express Travel Related Servs. Co. v. Walton, 883 S.W.2d 703, 707 (Tex. App.--Dallas 1994, no writ)). 
Accordingly, we must limit our review of a class certification order--including a decertification order--to whether the trial
court clearly abused its discretion. See Walton, 883 S.W.2d at 707. We will not substitute our judgment for that of the trial
court. See id. A trial court does not abuse its discretion if it bases its decision on conflicting evidence, but it does abuse its
discretion if it incorrectly applies the law to undisputed facts. Id. A trial court abuses its discretion if its decision is
arbitrary, unreasonable, or without reference to any guiding principles. See Tana Oil and Gas Corp., 978 S.W.2d at 741. 
In making its class certification decision, the trial court can consider the pleadings and other material in the record, along
with the evidence presented at the hearing. Id. We view the evidence in the light most favorable to the trial court's action,
entertaining every presumption that favors its judgment. Id.

Analysis


 The crux of the issue is what is required before the trial judge may change his mind and decertify where he had earlier
certified the class, with that certification being approved on appeal. Our review of the trial judge's actions, certifying or
decertifying, is whether the court abused its discretion in so acting. Discretion is properly exercised when it is based on
sound legal principles and reasons, and is not merely arbitrary. When an earlier decision is changed, something must have
occurred to justify the change to prevent the new decision from being arbitrary and improper. The modification of the
class, its original certification, or later decertification, must each be judged on whether there is a rational legal justification
for the action.

 We hold the trial court acted rationally in decertifying the class. After reviewing the record from the hearing on the
defendants' motion to decertify the class, two things are clear. First, the trial court acknowledged that it initially certified
the class under the "certify now, worry later" approach which has since been denounced by the Texas Supreme Court. See
Bernal, 22 S.W.3d at 435. Second, and more importantly, as the case developed, the trial judge became increasingly aware
of the difficulty of managing this litigation as a class action. The judge remarked from the bench during the hearing on the
motion to decertify that, in his opinion, this class action was not manageable, and that the plaintiffs, defendants, and
especially the jury would be "at a disadvantage" were this matter to proceed to trial as a class action. The court indicated
that the class members' claims were more appropriately handled on an individual basis. Because we find the trial court had
a rational basis for decertifying the class at issue in this case and did not exercise its discretion arbitrarily or without
reference to any guiding rules or principles, we hold that it did not abuse its discretion. Accordingly, we affirm the decision
of the trial court.

 Rule 42(c)(1) clearly states that once a determination has been made to maintain an action as a class action, "[t]his
determination may be altered, amended, or withdrawn at any time before final judgment." Tex. R. Civ. P. 42(c)(1). We are
also mindful of the fact that "[t]here is no right to litigate a claim as a class action." SeeSheldon, 22 S.W.3d at 452-53. 
When examining whether a trial court was within its discretion in refusing to certify a class, or in decertifying a class,
different concerns come into play than when considering whether a trial court was within it discretion in certifying the
class. All the protections written into the class action rules are designed to protect the interests of the unnamed class
members whom the class proponents--ostensibly the named class representatives and the class counsel--seek to bind to a
judgment that the unnamed class members may have little participation in litigating. See Tex. R. Civ. P. 42. "The purpose
for providing the class action device is to grant meaningful recompense to groups of injured parties whose injuries would
be too small to make it cost-effective to prosecute them individually." Northrup v. Southwestern Bell Telephone Co., No.
13-00-377-CV, 2001 WL 670958, at *3 (Tex. App.--Corpus Christi June 14, 2001, no pet. h.); see Amchem Prods., Inc. v.
Windsor, 521 U.S. 591, 617, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997); General Motors Corp. v. Bloyed, 916 S.W.2d 949,
952-53 (Tex. 1996). We note the recent trend in Texas Supreme Court jurisprudence towards increasing protection of the
interests of the unnamed class members. See e.g. Bloyed, 916 S.W.2d at 953-55. No argument was made regarding how
the decertification in this case hindered the interests of the unnamed class members. As protection of the unnamed class
members is largely the responsibility of the trial court, we are inclined to presume that a trial court's decision to decertify
the class was made to further those interests. In the absence of a clear contrary indication, we would be reluctant to find an
abuse of discretion in a trial court's decision refusing to certify or decertifying a class.

 Finally, the appellants argue that the trial court erred in denying its motion requesting authority to send out notice to all
class members, which was heard at the same time as the decertification motion. This portion of the trial court's order is
interlocutory, as it clearly is not an order which certifies or refuses to certify a class action as is required for interlocutory
relief under Texas Civil Practices and Remedies Code section 51.014(a)(3). Accordingly, we dismiss this portion of
appellants' appeal on the basis that we are without jurisdiction over it. (1) The judgment of the trial court is affirmed.



______________________________

J. BONNER DORSEY,

Justice



Publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 25th day of October, 2001.

1. However, we direct the parties' attention to rule 42(c)(3), which indicates that a party without notice may not be bound
by a final judgment in an action brought under that rule. See Tex. R. Civ. P. 42(c)(3).