

# NUMBER 13-10-00007-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE: NATIONWIDE CREDIT, INC.

## On Petition for Writ of Mandamus

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Benavides
### Memorandum Opinion by Justice Garza

Relator, Nationwide Credit, Inc. ("Nationwide"), filed a petition for writ of mandamus requesting that we direct respondent, the Honorable James Klager, presiding judge of the County Court at Law Number 4 of Nueces County, Texas, to: (1) grant Nationwide's motion to certify an arbitration award entered against real party in interest, James C. Flanagan; and (2) dismiss the class action currently pending in the trial court, or decertify the class. Having fully considered Nationwide's petition and Flanagan's response thereto, we conditionally grant the petition in part.

### I. BACKGROUND

Flanagan sued Nationwide in 2004, alleging that Nationwide had violated the Texas Debt Collection Practices Act ("TDCPA") in the course of collecting a debt on behalf of DirecTV for satellite television services provided to Flanagan.[1]  *See* TEX. FIN. CODE ANN.

---

[1] Flanagan also sued debt collector Plaza Associates ("Plaza"). Plaza is not a party to this original proceeding.

§§ 392.001-.404 (Vernon 2006).  In 2005, the trial court certified a class, *see* Tᴇx. R. Cɪᴠ. P. 42, and in 2006, the trial court ordered Nationwide to distribute notices to all class members.

Noting the existence of an arbitration clause in Flanagan's contract with DirecTV, Nationwide filed a motion with the trial court to decertify the class and compel arbitration. The trial court denied the motion, and we denied Nationwide's subsequent petition for mandamus relief and appeal.  *In re Nationwide Credit, Inc.*, No. 13-06-521-CV, 2006 Tex. App. LEXIS 9380, at *1-2 (Tex. App.–Corpus Christi Oct. 19, 2006, orig. proceeding) (mem. op.); *Nationwide Credit, Inc. v. Flanagan*, No. 13-06-516-CV, 2006 Tex. App. LEXIS 9379, at *1-2 (Tex. App.–Corpus Christi Oct. 19, 2006, pet. denied) (mem. op.). Nationwide then filed a petition for review and sought mandamus relief in the Texas Supreme Court.  While those cases were pending, the parties entered into an agreement under which:  (1) the parties agreed to arbitrate "all disputes against each other arising out of or in any way related or connected to debt collection activities" by Nationwide against Flanagan, and (2) Nationwide agreed to voluntarily dismiss its petitions in the supreme court.

Nationwide and Flanagan then proceeded to arbitration.  After a hearing, the arbitrator ruled that the matter could not proceed in arbitration as a class action because, "of the 20,000 potential class members[,] . . . only Mr. Flanagan has entered into any kind of arbitration agreement with Nationwide. . . ."  Although Flanagan's individual claims remained pending in arbitration, Flanagan returned to the trial court to ask for enforcement of the trial court's 2006 order compelling Nationwide to distribute class notices.  The trial court granted the request, ordering Nationwide to "identify the class members from computer records" and to mail notices to all class members within thirty days.  Nationwide again petitioned this court for a writ of mandamus, asking us to compel the trial court to vacate its order requiring the identification and notification of class members.  We granted Nationwide's request in part, finding that (1) the class action remained pending in the trial court, but that (2) the court had no discretion but to stay the class action for as long as

2

Flanagan remained class representative and his arbitration remained pending. *In re Nationwide Credit, Inc.*, No. 13-08-00717-CV, 2009 Tex. App. LEXIS 2243, at *13 (Tex. App.–Corpus Christi Mar. 31, 2009, orig. proceeding) (mem. op.). We directed the trial court to stay the class action until either (1) Flanagan is removed or replaced as class representative, or (2) Flanagan's individual arbitration is concluded and final, whichever occurs earlier. *Id.* at *13-14.

Although we ordered a stay of the class proceedings, we noted explicitly that the trial court was permitted to consider a motion to remove Flanagan as class representative during the pendency of the stay. *Id.* at *13. Flanagan's counsel filed such a motion, and at a hearing on May 12, 2009, the trial court removed Flanagan as class representative and gave Flanagan's counsel six months to appoint a new class representative. When Flanagan was removed as class representative, the stay of the class action imposed by this Court on March 31, 2009, was automatically lifted. *See id.* at *13-14.[2]

On May 29, 2009, the arbitrator rendered a final award denying Flanagan relief under either the TDCPA or the federal Fair Debt Collection Practices Act ("FDCPA"). *See* 15 U.S.C. §§ 1692-1692p (2009); TEX. FIN. CODE ANN. §§ 392.001-.404. The award set forth, in part, the following facts and conclusions:

> Flanagan entered into a Customer Agreement with DirecTV, Inc. whereby DirecTV agreed to provide satellite entertainment to Flanagan in exchange for fees outlined in the Customer Agreement. A dispute arose between Flanagan and DirecTV. Flanagan states that he did not get the service that was to be provided under the Customer Agreement. DirecTV claims that Flanagan failed to pay $152.95 in charges and fees. . . .
>
> The Respondents are third party debt collectors with whom DirecTV placed the disputed debt collection. Nationwide sent two collection letters to Flanagan. . . .
>
> In his First Cause of Action, Flanagan claims the Respondents violated Finance Code § 391.002 by providing false information to a credit bureau.

---

[2] Hearing transcripts reveal that the trial court may have believed that this Court's stay of the underlying class action remained pending after the time Flanagan was removed as class representative, and after the time Flanagan's arbitration was complete. However, our March 31, 2009 order clearly provides that the stay was to be immediately terminated upon either the removal of Flanagan as class representative or the conclusion of Flanagan's individual arbitration, whichever occurred first. Accordingly, the stay should have been automatically lifted on May 12, 2009, when the trial court granted the motion to remove Flanagan as class representative.

No evidence was presented to show that either Respondent made any kind of report to a credit bureau. Therefore, [Flanagan] is not entitled to recover under [his] First Cause of Action;

In his Second Cause of Action, Flanagan asserts that the collection letters sent by Respondent violate the Texas act and the federal act. The deficiencies alleged can be classified into three broad categories:

(1)     claims that the debt being collected included charges that were not permissible under the Customer Agreement . . . . I find that the Respondents['] actions did not violate the applicable statutes in that the charges appear to be arguably permitted under the Customer Agreement. Moreover, Respondents are entitled to the bona [fide] error defense as to these claims. Therefore, Flanagan may not recover under this category of claim.

(2)     claims that the failure to state the full legal name of the original creditor violated one or more sections of the acts . . . or failure to correctly identify Respondents['] involvement in the case. These claims are not supported by the law or the facts. Flanagan claims that these alleged deficiencies are deceptive or misleading. I find that these claims are without merit.

(3)     general allegations that the letters either violated US postal laws or were otherwise false or misleading. The factual evidence presented was insufficient to support recovery on this basis.

Even if the collection letters were defective (which I find is not the case), Flanagan has not demonstrated any damages that resulted from any alleged violations. To the extent that he seeks recovery of any sums paid to DirecTV, it cannot be said that the payment of those sums are in any way attributable to the actions of the Respondent. To the extent he seeks to recover the amount of the charges he states are not authorized but demanded in the collection letters, he cannot recover because he cannot say he has been damaged for amounts he has not paid.

To the extent Flanagan seeks to recover under the federal act, I find that the claims are barred under the applicable federal act statute of limitations.

After the award was issued, Nationwide moved the trial court to confirm the award and enter final judgment against Flanagan. After a hearing, the trial court orally denied the motion. Nationwide now brings the instant original proceeding asking us to compel the trial court to confirm the arbitration award and dismiss the class action or decertify the class.

## II. Standard of Review

Mandamus will issue to correct a clear abuse of discretion for which the remedy by appeal is inadequate. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex.

4

2004). Under this standard, we defer to the trial court's factual determinations if they are supported by evidence, but we review the trial court's legal determinations de novo. *Brainard v. State*, 12 S.W.3d 6, 30 (Tex. 1999); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992). A trial court abuses its discretion when it acts in an unreasonable or arbitrary manner, when it acts without reference to guiding rules and principles, or when it clearly fails to analyze or apply the law correctly. *See Walker*, 827 S.W.2d at 840; *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991).

### III. APPLICABLE LAW

Nationwide argues that the Federal Arbitration Act ("FAA"), rather than the Texas Arbitration Act ("TAA"), applies here. We agree. The FAA "applies to all suits in state and federal court when the dispute concerns a 'contract evidencing a transaction involving commerce.'" *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 269-70 (Tex. 1992) (quoting *Perry v. Thomas*, 482 U.S. 483, 489 (1987); *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984); 9 U.S.C. § 1 (2006)). The underlying dispute here involves Nationwide, a Georgia corporation, being hired by DirecTV to collect a debt from Flanagan, a Texas resident. Moreover, the arbitration agreement executed by Flanagan and Nationwide provided specifically that Flanagan's "claims are related to transactions in interstate commerce, namely the use of the U.S. mail, and therefore the [FAA] is applicable." *See In re Jim Walter Homes, Inc.*, 207 S.W.3d 888, 896 (Tex. App.–Houston [14th Dist.] 2006, orig. proceeding) ("Courts honor the parties' agreement to be bound by the FAA, upholding choice-of-law provisions providing for application of the FAA."). We conclude that the FAA is applicable here.

Under the FAA, a court must confirm an arbitration award "unless the award is vacated, modified, or corrected." 9 U.S.C. §§ 2, 9 (2006); *see In re FirstMerit Bank*, 52 S.W.3d 749, 754 (Tex. 2001) (orig. proceeding); *In re Brock Specialty Servs., Ltd.*, 286 S.W.3d 649, 653 (Tex. App.–Corpus Christi 2009, orig. proceeding). An award may be vacated only if: (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption in the arbitrator; (3) the arbitrator was guilty of

5

misconduct in refusing to postpone the hearing upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced; or (4) the arbitrator exceeded his powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. 9 U.S.C. § 10(a); *see Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 128 S.Ct. 1396, 1401 (2008) (holding that the grounds for vacatur provided in section 10 of the FAA are exclusive); *Citigroup Global Mkts., Inc. v. Bacon*, 562 F.3d 349, 350 (5th Cir. 2009) (same).

## IV. DISCUSSION

### A. Motion to Confirm Arbitration Award

With respect to the trial court's denial of Nationwide's motion to confirm the arbitration award, we note that Nationwide does have a potentially adequate appellate remedy. In a case governed by the FAA, a party may appeal an interlocutory order "under the same circumstances that an appeal from a federal district court's order or decision would be permitted by" section 16 of the FAA. TEX. CIV. PRAC. & REM. CODE ANN. § 51.016 (Vernon Supp. 2009). Section 16 of the FAA allows for the appeal of, among other things, an order that confirms or denies the confirmation of an arbitration award. 9 U.S.C. § 16(a)(1)(D) (2006).

Here, however, while the trial court orally denied Nationwide's motion to confirm the arbitration award, it rendered no written judgment. Without such a written ruling, Nationwide would not able to bring an appeal. *See* TEX. R. APP. P. 26.1; *In re Johnston*, 79 S.W.3d 195, 198 (Tex. App.–Texarkana 2002, orig. proceeding) ("When no written order is made, the movant's right to appeal is negated."). We therefore grant Nationwide's petition for writ of mandamus in part by directing the trial court to render a written judgment on Nationwide's motion to confirm the arbitration award, so that Nationwide may exercise its statutory right to bring an interlocutory appeal.[3] *See* TEX. CIV. PRAC. & REM. CODE ANN.

---

[3] As noted, Nationwide also requests in its petition for writ of mandamus that we direct the trial court to grant its motion to confirm the arbitration award. However, when a trial court has not rendered a written ruling, "we have jurisdiction to direct the trial court to proceed to judgment, [but] we may not tell the court what

6

§ 51.016.

## B.    Dismissal of Class Action or Decertification of Class

With respect to the class action pending in the trial court, we note that a class action may not proceed without a class representative that fairly and adequately protects the interests of the class. *See* TEX. R. CIV. P. 42(a). Once Flanagan was removed as class representative, and no substitute was named, there was no longer any live case or controversy before the trial court because there was no representative or named plaintiff in the "class" that Flanagan's counsel purported to represent. *See M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 708 (Tex. 2001) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)) ("If none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class."). We therefore conclude that the trial court clearly abused its discretion by denying Nationwide's motion to dismiss the class action or decertify the class.

Further, Nationwide has no adequate appellate remedy for the trial court's denial of its motion to dismiss the class action or decertify the class. Although interlocutory appeals are permitted from orders certifying or refusing to certify a class, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(3) (Vernon 2008), such appeals are not explicitly permitted from the denial of a motion to dismiss a class action or decertify a class. *See Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352, 358 (Tex. 2001) (noting that interlocutory orders that "alter[] the fundamental nature of the class" are appealable, but that an interlocutory order refusing to decertify "does not change the status quo" and, therefore, is not appealable) (citing *Gary v. Sheahan*, 188 F.3d 891, 893 (7th Cir. 1999); *De Los Santos v. Occidental Chem. Corp.*, 933 S.W.2d 493, 495 (Tex. 1996)). The only appellate remedy available to Nationwide with respect to the class action, therefore, would be at the conclusion of all trial court proceedings when a final judgment is rendered. Although this

judgment it should enter." *In re Ramirez*, 994 S.W.2d 682, 684 (Tex. App.–San Antonio 1998, no pet.).

7

delay does not, by itself, render Nationwide's appellate remedy inadequate,

> [m]andamus review of significant rulings in exceptional cases may be essential to . . . allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.

*In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004). Here, the trial court gave class counsel six months to identify a new class representative, but class counsel failed to do so. Moreover, the class action has been pending for over five years and has been the subject of multiple original proceedings before this Court. Accordingly, we believe that this is an example of such an "exceptional" case where mandamus is "essential" to give direction to the trial court and to avoid the waste of public and private time and expense as identified by the supreme court in *In re Prudential*. *See id.*

Because the trial court abused its discretion in denying Nationwide's motion to dismiss the class action or decertify the class, leaving Nationwide without an appellate remedy, we conditionally grant Nationwide's petition for writ of mandamus in this regard and we direct the trial court to dismiss the pending class action, without prejudice as to refiling under the applicable rules. *See* TEX. R. CIV. P. 42.

## V. CONCLUSION

We conditionally grant Nationwide's petition for writ of mandamus in part and hereby direct the trial court to: (1) within ten days of the date of this opinion, render a written judgment on Nationwide's motion to certify the May 29, 2009 arbitration award; and (2) dismiss the pending class action against Nationwide without prejudice as to refiling. The petition is denied in all other respects. The writ will issue only if the trial court fails to comply with our directives.

_____
DORI CONTRERAS GARZA,
Justice

Delivered and filed the
18th day of February, 2010.

8